## W. C. STILES and HAMLET DAVIS, Appellants, v. AMOS T. LAIRD, Respondent.

The statute of this State, defining what are nuisances and prescribing a remedy by action, does not take away any common law remedy in the abatement of nuisances which the statute does not embrace.

APPEAL from the District Court of the Tenth Judicial District, Nevada County.

*Alexander Anderson* and *J. W. G. Smith*, for Appellants.

The Court erred in its charge to the jury, because it is predicated upon the doctrine of the common law, which *quoad hoc.* is not in force in this State. Comp. Laws, pp 566, § 249, p 663 § 124.

As to the right to abate common nuisances, see cases cited in 9 Wend., 607. Wetmore v. Tracy, 14 Wend., 250. Lansing v. Smith, 4 Wend., 930. 1 Sanf:, 1. Martin v. Nutker, 2 Peere, Williams, 268. An individual cannot maintain a private action for damages on account of a public nuisance, unless the injury to him be direct and special, and not common to others affected by such nuisance. See also 1 Johns, 78. The People v. the Corporation of Albany, 11 Wend., 539. 9 Ib., 571. 7 Ad. & Ellis (N. S.) 339. Angell on Water Courses. p. 578. Hughes v. Hiser, 1 Binney, 463. Welter v. Martin, 7 Mo., 307. The thing complained of cannot be abated until it actually becomes a

nuisance. 12 Mod , 570. Holt's Cases, 499. Gates v. Blinco, 2 Dana, 158.

The remedy for persons whose rights are put in jeopardy is to seek protection in a Court of Equity.

*Buckner & Hill*, for Respondent.
No brief on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This cause comes up upon the following state of facts :—The Respondent purchased from miners upon " Lawson's Ravine," in the County of Nevada, certain mining claims, situated upon the ravine, which had been held and worked for several years A large surplus of water from the debouching of foreign ditches, passed through the ravine, which was used by the miners upon the ravine in the washing of the gold-bearing earth and the removal of tailings from their claims. Subsequently to the location of mining claims upon the ravine a portion of the plaintiffs below, erected a dam for the purpose of turning the water into a mill-race, and conducting the water to a mill occupied by them. The respondent and others, mining upon the ravine complained of the erection and retention of the dam as injurious to the free use of their mining property above the dam, by flooding their ground with water, and preventing an outlet to the tailings from their claims. Notice was given, as appears by the evidence sent up, to the plaintiffs below, to remove or open their dam on account of the injury it was working to those above.

The plaintiffs below not removing their dam, respondent, Laird, with others, proceeded, as they attempted to establish by proof, in a peacable manner to remove the dam themselves, and abate the same as a nuisance.

This action was brought against them for damages in the Court below upon the account of the removal above alluded to, and the jury found a general verdict for the defendants. The plaintiffs appeal and assign as error the charge of the Court to the jury and errors of law occurring at the trial.

Appellants' counsel relies for error—First, upon the charge of the Court below, to the effect, that if the jury believed from the evidence that plaintiffs had so extracted the waters in "Lawson's Ravine" by
16

means of their dam, as to create a nuisance to those working in the neighborhood who were first in their location of claims upon the ravine, then the jury should find for the defendants.

I deem the instructions given by the Court to have been proper. The statute of this State defining what are nuisances and prescribing a remedy by action, does not take away any common law remedy in the abatement of nuisances which the statute does not embrace.

The rules of the common law were so far adopted in this State as to supply any defect which might exist in the statute laws by furnishing additional remedies for the correction of wrongs. It matters but little whether the nuisance complained of in this cause is called private or public at the common law; if either it could be abated by the party aggrieved, if performed without a breach of the peace. Blackstone in book 3, page 5, of his Commentaries, defines a nuisance and its remedy thus : "Whatsoever unlawfully annoys or doth damage to another is a nuisance, and such nuisance may be abated, that is taken away or removed, by the party aggrieved thereby, so as to commit no riot in the doing." So it has been held in the English Courts, "that if a person upon his own soil erect a thing that is a nuisance to another, as by the stopping a rivulet, and thus diminish the water used by his cattle, the party injured may enter upon the soil of the other and abate the nuisance." 2 Smith's Reports, page 9. Comyn's Digest Title Pleader. So the general doctrine has been held in Hart v. The Mayor of Albany. 9 Wendell. The same doctrine is also held in Angell on Water Courses, page 426, that a private nuisance may be abated by the party aggrieved if it is done peaceably and without a breach of the peace.

The obstruction of the water in the Lawson Ravine was a common injury to many at work upon the ravine, who had by the necessary implication of the laws of the State which relate to mines and miners, a species of property in their mining grounds, which they had a right to protect (if they were first in the appropriation of the water for mining uses) by peaceably abating the nuisance. It might also be well deemed a private nuisance as to the particular mining grounds of defendants injured by the obstruction (as in the case above of one obstructing a rivulet out of which another's cattle drank) and being such a nuisance and hindrance to the enjoyment of a recognized property in this State, the defendants had a right to remove the dam if done in a

peaceable manner.   We will not permit ourselves to go behind the verdict of the jury to ascertain the facts as to the priority of the parties in their location upon the ravine.   From the verdict of the jury this Court will presume that the defendants were proven to have had the oldest right to the natural flow of the water in the ravine.   Whether the purchase of Laird was proper or not, could make no difference in this cause.   Laird proceeded with others who were made defendants in the action, to remove the dam, all of whom asserted rights which they claim to have vested prior to the erection of the same by plaintiffs.

I consider that the points made upon appeal are not well taken, and the judgment of the Court below must be affirmed with costs.