## BRANCH TURNPIKE COMPANY *v.* BOARD SUPERVISORS YUBA COUNTY.

In a bill for an injunction, the mere allegation of great and irreparable injury to a vested right is insufficient; the facts stated must satisfy the Court that the apprehension of such injury is well founded.

APPEAL from the Tenth District.

*F. L. Hatch,* for Appellant.

*Bryan & Filkins, Winans* and *W. T. Wallace,* for Respondent.

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

In this case the demurrer should have been sustained for want of a sufficient statement of equities in the bill.

Plaintiff complains that it is an incorporated company under the law, and have, by virtue of their acts as corporators, acquired certain vested rights to collect and fix the rate of tolls to be charged over their road. That defendants, in violation of those rights, and without authority of law, are about to pass an order fixing the rate of tolls to be charged on said road, which order may entirely ruin plaintiffs, and cause them to lose the money invested in their enterprise.

These allegations are altogether insufficient to warrant the interference of a Court of Equity. An injunction is never granted unless the bill shows some vested right in the plaintiff, which is likely to suffer great or irreparable injury from the act complained of. The mere allegation of such injury is insufficient. The facts stated must satisfy the Court that such apprehension is well founded. (6 John. Ch. 19; 2 Dallas, 405; 9 Gill. & John. 468.)

No such facts are stated by the plaintiff. In the first place, for aught that appears in the bill, it may have been the design of the Supervisors to increase the rate of tolls charged, and thus enhance, rather than diminish, the revenue of the corporation. Secondly, if the allegation of want of authority in defendants be true, any order which they might make in the premises would be a mere nullity, and could in no way prejudice the rights of plaintiff. On the contrary, if this allegation be not true, defendants should not be restrained from performing a plain duty.

Judgment reversed and bill dismissed.