## JOHN LEITHAM *et al.*, v. *Appellants*, PATRICK CUSICK *et al.*, *Respondents.*

ORDER MADE WITHOUT NOTICE, HOW VACATED.—An order for a temporary injunction, made out of Court by the judge, without notice to the adverse party, may be vacated by the judge without notice.

IRREPARABLE INJURY, HOW PLEADED.—Where, upon an application for an injunction to restrain the Defendants from working certain mining ground, and from selling any ores therefrom, the Plaintiffs alleged that the injury was irreparable, from the fact that it was impossible for them to know the amount and value of the ores taken from the mine by Defendant; *held*, that the simple statement of the complaint to that effect is not sufficient, but the facts should be stated from which the Court could learn that the injury was irreparable.

RESTRAINING ORDER GOVERNED BY THE COMPLAINT.—A restraining order that goes further than the prayer of the complaint is improper, and should be set aside.

PRACTICE ON MOTION TO BE RESTORED TO POSSESSION.—When the Defendants have been deprived of the possession of mining ground by an officer acting under a restraining order, which was improperly issued, the judge who granted the same cannot upon application of the Defendants without notice, restore them to the possession.

Appeal from the First District Court.

The facts appear in the Opinion.

*O. F. Strickland,* for Appellants.

*Marshall & Royle,* for Respondents.

BOREMAN, J., delivered the Opinion of the Court.

The Appellants, without any notice to the Respondents, applied to and obtained from the Judge at Chambers, a temporary injunction, restraining the Respondents from working or taking out ores from a certain mining property called the *Undine* Lode, and from removing or selling the ore.

After service of the writ, the Respondents applied to the judge at Chambers, without notice to the Appellants, and obtained an order revoking the former order, and requiring the United States Marshal to restore to the Respondents the possession of the Alexander Lode from which they had been ejected under the restraining order.

It is from this last order revoking the former order that this appeal is brought to this Court.

The Respondents in their motion asked that the restraining order be revoked, upon the grounds that the complaint did not state facts sufficient to entitle the Ap-

plicants to the relief sought, and that the order was improvidently issued.

The injury complained of as irreparable by the Appellants, consists in the impossibility of ascertaining the amount and value of the ores taken away from said mine by the Respondents, unless they be restrained. The Court cannot see that there is any great and irreparable damage, for the simple statement of the complaint to that effect, is not sufficient. The facts should be stated from which the Court could learn that the taking and selling the ores would be such injury. It is not alleged that the removal or sales were clandestine, or that the Respondents are insolvent or otherwise unable to respond in damages, or any other facts going to show the nature of the damages.

The writ which was issued upon the restraining order went further than the prayer of the complaint, and restrained the Respondents from ever going upon the premises. This would prevent them from removing their own private property The Appellants did not ask that the Respondents be restrained from going upon the ground and the writ was improper in that respect.

The dissolving of an injunction, like the granting, is left to a considerable extent to the discretion of the judge, and unless he abuse that discretion, his action is necessarily held good. (High on Injunction, Sec. 899). We cannot say, therefore, that the Court erred in revoking the restraining order unless his revocation without notice was an error.

The Practice Act, in Sec. 326, provides that orders made out of Court, without notice, may be vacated by the judge without notice. This is a very broad provision, and there seems to be no good reason why it should not apply to the case now before us.

That part of the order complained of by the Appellants, which required the Marshal to reinstate the Respondents, was, however, beyond the reach of the judge. When the former order was revoked, his authority in the

matter ceased, by reason of no notice to the opposite party.

Upon the whole case, therefore, we conclude that the revocation was not improper, and to. that extent the action of the judge below is affirmed, but as to reinstating the Respondents, the order was not proper, and to that extent it is reversed.

Lowe, C. J., and Emerson, J., concur.