[No. 7,411.—Department One.]
December 20, 1882.

## THE MECHANICS' FOUNDRY OF SAN FRANCISCO *v.* JOSEPH E. RYALL.

INJUNCTION AGAINST REPEATED TRESPASSES—EQUITY—INJUNCTION—TRESPASS—PLEADING—ACTION FOR AN INJUNCTION.—The complaint charges that the defendant "is a stockholder in said corporation (plaintiff), and was, up to July 23, 1879, an employee engaged in working in the foundry or shop of the plaintiff. That on said date, for good cause, defendant was dismissed from plaintiff's employ; that though thus discharged, he has ever since said date come daily to plaintiff's shop or foundry and insisted upon occupying his place as an employee of said plaintiff, and threatens to continue daily so to do. That there is a certain part of said foundry known as a bench and floor, whereon the said Ryall formerly worked, and upon which he still daily intrudes, and threatens to continue to occupy said space, and to prevent any one else from working therein. That while the said Ryall thus refuses to vacate said bench and floor, it is impossible for said plaintiff to procure another workman to occupy and work in the said department. That the work of said shop is thus retarded, and the plaintiff is prevented from fulfilling its contracts and is obliged to refuse work, and to lose the profits thereof, and that if such conduct is not prevented the business of the corporation will be totally ruined. That in addition to the certainty of the said corporation's ultimate ruin by the continuation of said acts and conduct of this defendant, it has suffered damage, and will continue to be damaged by this defendant's acts and conduct, at the rate of $50 per week from the twenty-third of July, A. D. 1879."

*Held:* The complaint does not state facts sufficient to warrant the interposition of a court of equity.

APPEAL by defendant from the judgment of the Superior Court of the City and County of San Francisco. DAINGERFIELD, J.

Action for injunction. The Court below, after trial, made the following findings of fact:

1. That the said Mechanics' Foundry of San Francisco is a corporation duly incorporated under the laws of the State of California.

2. That the defendant was, prior to July 23, 1879, an employee of plaintiff, and was for good cause discharged, on said date, from plaintiff's employ. That after his discharge, he daily entered plaintiff's shop and occupied a certain floor in

said shop and prevented any other workman from working there, until restrained by injunction issued in this action.

3. That on account of the conduct of defendant, it was impossible for plaintiff properly to turn out work and fulfill its contracts, and that the business of plaintiff was in danger of being ruined, unless the defendant was restrained from intruding into said shop.

4. That by the conduct of defendant, plaintiff was damaged in at least the sum of ten dollars, and would, if defendant had not been restrained, have been irreparably damaged in its business by the acts of defendant.

Judgment was thereupon given against the defendant for the sum of ten dollars damages, with interest at seven per cent. per annum from date of judgment till paid, and for costs of suit, and the injunction theretofore issued against him was made perpetual. The appeal was taken on the judgment roll.

*R. Percy Wright,* for Appellant.

The complaint does not state facts sufficient to constitute a cause of action, and the demurrer thereto should have been sustained. At the most, the facts alleged constitute only a case of ordinary trespass, for which it is apparent from the complaint that plaintiff had an adequate remedy without resort to a court of equity. There is no allegation that the defendant is unable to respond in damages, and none of the allegations which are held to be indispensable in order to justify the granting of an injunction. The complaint does not disclose any equity whatever. (*Waldron* v. *Joiner,* 5 Cal. 120; *Burnett* v. *Whitesides,* 13 id. 156; *Tomlinson* v. *Rubio,* 16 id. 206; *Leach* v. *Day,* 27 id. 644; *Jerome* v. *Ross,* 7 Johns. Ch. 315; S. C., 11 Am. Dec. 484; *Hatcher* v. *Hampton,* 7 Ga. 49; *Catching* v. *Terrell,* 10 id. 576; *Branton* v. *Bush,* 32 id. 671; *James* v. *Dixon,* 20 Mo. 80; High on Injunctions, 2d ed., vol. 1, pp. 451–465.)

*M. Eyre, Jr.,* for Respondent.

Ross, J.:

The complaint in this case does not state facts sufficient to

warrant the interposition of a court of equity. It charges that the defendant "is a stockholder in said corporation (plaintiff), and was, up to July 23, 1879, an employee engaged in working in the foundry or shop of the plaintiff. That on said date, for good cause, defendant was dismissed from plaintiff's employ; that though thus discharged, he has, ever since said date, come daily to plaintiff's shop or foundry, and insisted upon occupying his place as an employee of said plaintiff, and threatens to continue daily so to do. That there is a certain part of said foundry known as a bench and floor, whereon the said Ryall formerly worked, and upon which he still daily intrudes, and threatens to continue to occupy said space, and to prevent any one else from working therein. That while the said Ryall thus refuses to vacate said bench and floor, it is impossible for said plaintiff to procure another workman to occupy and work in said department. That the work of said shop is thus retarded, and the plaintiff is prevented from fulfilling its contracts, and is obliged to refuse work and to lose the profits thereof, and that if such conduct is not prevented the business of the corporation will be totally ruined. That in addition to the certainty of the said corporation's ultimate ruin by the continuation of said acts and conduct of this defendant, it has suffered damage, and will continue to be damaged by this defendant's acts and conduct, at the rate of fifty dollars per week from the twenty-third of July, A. D. 1879."

It is only by inference that the complaint charges the defendant with the commission of a trespass. But even repeated trespasses are not of themselves sufficient to justify the interference of a court of equity by injunction. (*Jerome* v. *Ross*, 7 Johns. Ch. 332; S. C., 11 Am. Dec. 484; *Catching* v. *Terrell*, 10 Ga. 576; *Thomas* v. *James*, 32 Ala. 725; High on Injunctions, 2d ed., vol. 1, p. 476; Hilliard on Injunctions, 3d ed., 345.) There is no averment in the complaint in this case, that the defendant is insolvent; nor does it appear therefrom that the wrongs complained of are irreparable, or destructive of the plaintiff's estate in its nature and substance; nor that they are not susceptible of adequate compensation in damages. And if we look at the findings made after trial, we see that up to the time of the issuance of the restraining order, "by the

conduct of defendant, plaintiff was damaged in at least the sum of ten dollars."

The case, in truth, seems at most to be one of ordinary trespass; annoying it may be, but one, nevertheless, for which the ordinary remedies of the law are ample.

Judgment reversed and cause remanded.

McKINSTRY and McKEE, JJ., concurred.