## CHARLESTON.

HALE v. THE POINT PLEASANT & OHIO RIVER R. R. Co. *et als.*

Submitted January 18, 1884—Decided February 4, 1884.

1. The *syllabi* in *Spencer* v. *The Point Pleasant & Ohio River Railroad Co.* and *Campbell* v. *The Same* and *Smith* v. *Same*, approved.   (p. 454.)

2. A mere allegation of irreparable injury will not suffice to warrant an injunction; but if this be the only ground for asking the injunction, the facts must appear on which the allegation of irreparable injury is predicated, in order that the court may be satisfied as to the nature of the injury.

*George F. Church* and *C. H. Lamison* for appellants.

*Simpson & Hubbard, C. E. Hogg* and *Tomlinson & Polsley* for appellees.

GREEN, JUDGE:

This cause is substantially the same as the cases of *Spencer* v. *Railroad Co. et als., Campbell* v. *Same and Smith* v. *Same*; and for the reasons assigned in them the decree of July 16, 1883, must be reversed, and a decree similar to that entered by this Court in those cases must be entered in this. In each of these cases the causes stated in the bill were not sustained by the proof, and we did not deem it necessary to

determine, whether the causes stated in these bills or whether any of them were such as justified the circuit judge in award-ing injunctions in them as prayed for in the bills, as we were clearly of opinion, that on the facts proven and admitted in them the court ought to have dissolved the injunctions in each of those causes on the motion to dissolve. In this cause however the bill is materially different from any of the bills in the other causes; and I have no hesitancy in saying, that the circuit judge ought on the bill in this cause to have awarded no injunction. The bill in this cause asks this injunction really on no other ground than that the plaintiff owns a lot adjoining Seventh street in Point Pleasant, and The Point Pleasant and Ohio River Railroad Company are building or about to build a railroad in said street, which will be located on a portion of said street, in which he owns the fee, and that they had taken no steps to condemn that part of Seventh street owned in fee by him, nor have they paid him for the part thereof, which they are occupying, or secured to him compensation therefor.

We have decided in the three preceding cases against the Point Pleasant Railroad Company, that these facts alleged in this bill furnish no grounds for a court of equity to grant to the plaintiff any injunction. It is true in addition to these allegations the plaintiff's bill does allege " that the obstruc-tions now being placed on his premises (his fee in said street) are of a permanent nature, and if allowed to go on will entail upon him irreparable injury." I regard this allegation as adding nothing whatever to his bill; for it is well established that a mere allegation of irreparable injury will not warrant an injunction, but the facts must appear, on which the alle-gation is predicated, in order that the court may be satisfied as to the nature of the injury. *Branch* v. *Supervisors*, 13 Cal. 190; *Lutharn* v. *Cusick*, 1 Utah 242.

The same decree should be entered in this cause as was entered in the causes hereinbefore referred to against the Point Pleasant and Ohio River Railroad Company. See *Morris & Essex Railroad Co.* v. *The Mayor and Common Council of the City of Newark*, 2 Stockton's Chancery Reports (N. J.) page 352; *Williams* v. *The New York Central Railroad Company*, and many authorities referred to by counsel and court, 18

Barbour S. C. R. 222; *Radcliff's Exrs.* v. *The Mayor &c., of Brooklyn,* (4 Com. R. 195 N. Y.); *Chapman* v. *The Albany and Schenectady Railroad Company,* 10 Barb. R. 360; *The Inhabitants of Springfield* v. *The Connecticut River Railroad Company,* 4 Cushing's Rep. 63, (1 American Railway Cases 572); High on Injunction, p. 24 ch. 1 § 28, ch. 1 p. 20 § 30, p. 28 § 34; Pierce on Railroads from 192 to 197, also p. 230, 235 and 238; Woods' Law of Nuisance, ch. 23 § 754 p. 354 and ch. 27 § 869 p. 1004; Redfield on Railways, vol. 1 p. 256, ch. 11 § 70 and vol. 1 p. 310 § 76; Cooley Const. Limitations, side page 545 to pp. of 5th edition 676, p. 553 and top 684; Wait on Actions and Defences, vol. 5 p. 290 art. II. § 6.

REVERSED.