[No. 11209.  Department One. — April 24, 1888.]

## MECHANICS' FOUNDRY OF SAN FRANCISCO, APPELLANT, *v.* JOSEPH E. RYALL, RESPONDENT.

INJUNCTION TO RESTRAIN TRESPASS — IRREPARABLE INJURY. — Before a court of equity will interfere to restrain a trespass, it must appear that the injury to result from the trespass will be irreparable in its nature; it is not sufficient simply to allege that fact, but it must be shown how and why it will be so.

ID. — INSOLVENCY OF TRESPASSER. — A trespass will not be restrained merely because the trespasser is insolvent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to restrain the defendant from trespassing into and upon the foundry of the plaintiff. The allegations of the original complaint are stated in the former opinion, reported in 62 Cal. 416. The further facts are stated in the opinion.

*Manuel Eyre,* for Appellant.

*R. Percy Wright,* for Respondent.

BELCHER, C. C. — This action was brought to obtain an injunction restraining the defendant from doing certain acts complained of by plaintiff. The case was before this court on a former appeal, and it was held that the complaint, as then framed, did not state facts sufficient to constitute a cause of action. (62 Cal. 416.) The allegations of the complaint are set out in the opin-

ion. When the case went back to the superior court, an amended complaint was filed, and to that a general demurrer was interposed and sustained. Plaintiff declined to further amend its complaint, and thereupon judgment was entered dismissing the action.

The additional allegations in the amended complaint are,—

"That an action at law will be wholly inadequate to protect this plaintiff; that a continuance of such acts— and defendant announces his positive determination so to continue them each day—will work irreparable injury to this plaintiff; that if not restrained, such acts will, before it will be possible to obtain a decision in an action at law, work irreparable injury to this plaintiff, and utterly ruin its business.

"That said defendant is utterly unable to respond in damages; that he is impecunious and totally without means; that pecuniary compensâtion for the actual damages from day to day will not afford adequate relief, nor prevent the continuance of said intrusions, and restraint is necessary to prevent multiplicity of suits."

It was alleged in the original complaint that defendant was a stockholder in the corporation plaintiff, and in the amended complaint that he was a stockholder and director of the corporation. This allegation was stricken out of the amended complaint, but on whose motion or for what reason it was done does not appear. If defendant was in fact a stockholder and director of the corporation, it is not easy to see how he could be called a trespasser for doing the acts complained of. But however this may be, before a court of equity will interfere to restrain a trespass, it must appear that the injury to result from the trespass will be irreparable in its nature. And it is not sufficient simply to allege that fact, but it must be shown to the court how and why it will be so.

"The mere allegation that irreparable injury will result to the complainant unless protection is extended

to him is not sufficient; the facts must be stated, that the court may see that the apprehensions of irreparable mischief are well founded." (*Carlisle* v. *Stevenson*, 3 Md. Ch. 499; *Waldron* v. *Marsh*, 5 Cal. 120; *Turnpike Co.* v. *Supervisors of Yuba*, 13 Cal. 190; High on Injunctions, 2d ed., sec. 722.)

Nor will equity interpose to restrain a trespasser simply because he is a trespasser and is insolvent. Other facts and circumstances must be shown before the extraordinary remedy of injunction can be invoked.

"The fact that a trespasser is insolvent will not give chancery jurisdiction to enjoin his acts, where the other circumstances of the case preclude it." (*Centerville & A. T. Co.* v. *Barnett*, 2 Ind. 536; High on Injunctions, 2d ed., sec. 701.)

There may be other efficient means of preventing the commission of the threatened trespass, which can be availed of without any violation of law, and if so, such means should first be resorted to. In the case last above cited, where an injunction was asked to restrain trespassers, it was said: "If these men are not responsible for their acts in damages, we should suppose they might be crowded out of the way by a *moliter manus imposuit.*" Many cases might be mentioned where this rule would be applicable. For example, if one should discharge his cook or a clerk in his store, and the cook or clerk should return and insist upon his right to occupy his former place in the kitchen or at the counter, and should threaten to continue to do so every day, to the exclusion of any other cook or clerk, no one would think it necessary to ask for an injunction to stop the intrusions, or that a court of equity would grant the relief if it were asked for.

We see no reason why the same rule should not be applied here. If the defendant had no right to enter and occupy a place in the plaintiff's foundry, it would seem that he might easily have been stopped at the

door, or, having entered, have been put out by calling
in a policeman if necessary. )

In our opinion, the demurrer was properly sustained,
and the judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment is affirmed.