[Civ. No. 243.   Third Appellate District.—February 25, 1907.]

## LEWIS H. BISHOP, Appellant, v. LEN D. OWENS et al., Respondents.

INJUNCTION—DISSOLUTION OF TEMPORARY ORDER—ABORTIVE APPEAL—APPEAL FROM JUDGMENT UPON DEMURRER.—A notice of appeal from an order denying plaintiff's motion for a temporary injunction, where the record shows that the temporary injunction was granted, is abortive as an appeal from an order dissolving the same; but where a general demurrer to the complaint was sustained, and final judgment was rendered thereon, from which an appeal is taken, it is immaterial whether or not an appeal was intended to be taken from the order dissolving the temporary injunction, because, if the facts stated are insufficient under the general demurrer to warrant final relief, they are insufficient to warrant the continuance of the temporary restraining order.

ID.—INSUFFICIENT COMPLAINT FOR INJUNCTION—GENERAL CONCLUSIONS.—A complaint for an injunction which does not state facts sufficient to determine how plaintiff's property will be permanently injured by the acts complained of, and which states merely general conclusions as to multiplicity of suits and irreparable injury, not warranted by any pleaded facts, does not state facts sufficient to constitute a cause of action for equitable relief to enjoin the acts complained of.

ID.—SUSPENSION OF LADDERS AND FALLS WITH ROPES ATTACHED FROM ADJOINING BUILDING—EASEMENT.—When the acts complained of consist in the suspension of ladders and falls with ropes attached

from an adjoining building, over and above plaintiff's roof, and the complaint fails to state the purpose thereof or to show how the continuation thereof would injure plaintiff's property, the mere averments that the continued trespass "will ripen into a right and easement on plaintiff's property" and will "constitute and create an obstruction to the free and peaceable use of the aforesaid property" are only the conclusions of the pleader.

ID.—REASON ASSIGNED BY COURT BELOW—DAMNUM ABSQUE INJURIA.— Where it cannot be determined from the complaint whether or not the alleged acts are excusable under the rule of *damnum absque injuria,* applied by the court below, and the facts pleaded do not amount to a conjecture as to the purpose of the acts, we are not concerned with that particular reason assigned by the court for its ruling. It is sufficient that the ruling sustaining the demurrer was correct.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Charles E. Naylor, and William P. Hubbard, for Appellant.

Henry C. McPike, for Respondents.

HART, J.—Suit brought for an injunction to restrain certain acts complained of by plaintiff.  A preliminary injunction was granted upon the verified complaint and an order to show cause why the same should not be made permanent. Defendants interposed a general demurrer to the complaint. On August 23, 1903, the court entered an order· sustaining the demurrer, with leave to plaintiff to amend within ten days.  The plaintiff failed to amend within the time allowed, and thereupon judgment was entered in favor of defendants herein.  From this judgment plaintiff takes this appeal.

On the 8th of July, 1903, the court, upon motion and application of defendants, made an order upon the complaint alone dissolving the preliminary injunction and discharging the order to show cause.  There is in the transcript a "Notice of Appeal from the order denying plaintiff's motion for a preliminary injunction, made and entered herein on the 1st day of July, 1903."  But as the record shows that a preliminary injunction had been granted by the court, there is no ground upon which such an appeal may be presented.  Pre-

sumably, it was designed to take an appeal from the order dissolving the temporary injunction. If so, the attempt was abortive. But as we think the court below committed no error in its order sustaining the demurrer, it becomes immaterial whether or not an appeal has been properly taken from the order dissolving the temporary injunction, because if the facts are insufficient under a general demurrer to state reasons for the final relief prayed for, certainly they were not sufficient to warrant the continuance of the temporary restraining order.

The stating part of the complaint alleges: "That all of said defendants repeatedly and continually are entering upon the roof of the building hereinafter named, and are engaged at the present time in hanging and suspending ladders and falls with ropes attached thereto from *an adjoining* building on the west of the aforesaid building, over and above the roof of the aforesaid No. 506 Market street and No. 7 Sutter street, and in the space above said roof, preparatory to continue and further enter upon said premises, and have and are threatening to continue daily, hourly, repeatedly and continuously to continue in the commission of said acts, and have threatened and are threatening to suspend other articles, materials and things therein.

"That all of said defendants, and each of them, threaten to and will, unless restrained by order of this court, continue to enter upon plaintiff's said described premises, and the whole thereof, repeatedly and continuously, daily and hourly, and that actions at law would afford plaintiff no plain, speedy and adequate remedy, for the reason that such trespasses will be so frequent and of interminable and numerous duration that such a multiplicity of suits will be necessitated thereby, and the injury resulting from each act of trespass would be so trifling in amount as compared with the expense and inconvenience of prosecuting actions at law to recover damages therefor, as to leave plaintiff without adequate remedy, and furthermore, such acts of the defendants, if permitted to continue, will in all probability result in a breach of the peace of this community, because unless defendants be restrained by the court, plaintiff must resort to necessary force in preventing the violations of his rights of property consequent upon such trespasses; and furthermore, such acts, if permitted to continue, will ripen into a right and an

easement on plaintiff's property aforesaid, and such imminent, threatened and actually pending acts of defendants as
aforesaid do and will so constitute and create an obstruction
to the free and peaceable use of the aforesaid property of
plaintiff as to interfere with the comfortable enjoyment of
said property, and will injuriously affect the said plaintiff in
the reasonable possession thereof.''

It is impossible to ascertain from the complaint exactly
what the nature of the acts is which plaintiff charges interfere and will continue to interfere with the full and peaceable enjoyment of his property, and which, he alleges, will,
if not restrained, crystallize into a ''right and easement'' on
his property. We are not advised by his pleading whether
a structure is to be constructed above the roof of his building, or whether the acts of defendants will result in the establishment of some mechanical or other contrivance that
will cause a nuisance and consequently an interference with
the comfortable enjoyment of his property, or will result in
suspending some article over or near his roof that is likely
to fall upon his building and thus damage it, nor, in fact,
does he allege any fact or facts in such manner as to clearly
inform us what acts the defendants have committed, or are
committing or threatening to commit, which will result in
permanent or irreparable injury to his property. The averment that the defendants are ''repeatedly and continually
entering upon the building *hereinafter* named,'' and ''are
engaged at the present time in hanging and suspending ladders and falls with ropes attached thereto from an *adjoining*
building on the west of the *aforesaid* building, over and above
the roof of the aforesaid No. 506 Market street and No. 7
Sutter street, and in the space above *said roof*,'' certainly
furnishes no light by which we can determine how the plaintiff's property will be permanently injured.

The allegation that the plaintiff will be driven to a multiplicity of suits involving trivial amounts and will thus
be put to vexatious, troublesome and expensive litigation, is
a mere conclusion, having no support in the other pleaded
facts. In *Gilbert* v. *Arnold*, 30 Md. 29, it is said: ''A court
will not grant an injunction to restrain a trespasser merely
because he is a trespasser, yet it will interfere where the
injury is irreparable, or where full and adequate relief cannot be obtained at law, or where the trespass goes to the de

struction of the property in the character in which it has
been held and enjoyed, or where it is necessary to prevent
a multiplicity of suits." But "these grounds of the jurisdic-
tion," says the editor of the American Decisions [footnote],
page 500, volume 11, "when closely examined, resolve them-
selves into one—that of irreparable injury." The test for
the determination of the question of whether or not a par-
ticular injury will be irreparable seems to be this: Will a
verdict of damages at law afford complete compensation for
it? If so, then the fundamental ground for invoking the
power of equity is lacking—to wit: a want of adequate
remedy at law. "But an injury resulting from trespass
may be incapable of compensation in damages from a variety
of reasons: 1. It may be destructive of the very substance
of the estate; 2. It may not be capable of estimation in terms
of money; 3. It may be so continuous and permanent that
there is no instant of time when it can be said to be complete
so that its extent may be computed; 4. It may be vexatiously
persisted in in spite of repeated verdicts at law; 5. It may be
committed by one who is wholly irresponsible, so that a ver-
dict against him for damages would be entirely valueless."
(*Jerome v. Ross,* 11 Am. Dec. 501 [footnote]). The question
of whether irreparable injury will result from the trespass
must, of course, depend and be determined upon the facts of
the particular case. The court must be fully advised by the
pleaded facts of what the acts of the alleged trespasser are
so that it can readily be determined whether the injury com-
plained of meets the criterion of "irreparable injury." "Be-
fore a court of equity will interfere to restrain a trespass it
must appear that the injury to result from the trespass will
be irreparable in its nature. And it is not sufficient simply to
allege that fact, but it must be shown to the court how and why
it will be so." (*Mechanics' Foundry* v. *Ryall,* 75 Cal. 602,
[17 Pac. 703] ; *Branch Turnpike Co.* v. *Board of Supervisors,
etc.,* 13 Cal. 190; *Waldron* v. *Marsh,* 5 Cal. 120.) "The facts
must be stated, that the court may see that the apprehensions
of irreparable mischief are well founded." (*Carlisle* v. *Ste-
venson,* 3 Md. Ch. 499; Pomeroy's Code Remedies, 680, and
cases there cited.) " . . . It will be observed that it (the
complaint) contains only a general averment as to the injury
caused or to be caused by the acts of the defendant. No facts
are set out showing how or why the supposed injury would

be irreparable. But to obtain an injunction, when irreparable injury is relied upon, such a showing is necessary.'' (*California etc. Co. v. Union etc. Co.*, 122 Cal. 643, [55 Pac. 591].) Tested by the foregoing principles, we think the complaint falls short of stating a cause calling for the equitable relief demanded. The mere declaration that plaintiff's property ''will suffer irreparable injury'' and that a ''multiplicity of legal actions'' can be avoided by equitable interference is not, as we have said, enough.

In this case, while it is charged in paragraph 6 of the complaint that the defendants have threatened to continue committing the acts charged in paragraph 2, we are unable to determine from the complaint, as we have before suggested, how and in what manner and why the alleged threatened continuation of such acts would result in permanent and irreparable injury to the plaintiff. The mere allegations that the continued trespass ''will ripen into a right and easement on plaintiff's property,'' and will ''constitute and create an obstruction to the free and peaceable use of the aforesaid property'' are only the conclusions of the pleader. The facts alleged do not, as they should, speak for themselves as to the nature and extent of the injury threatened. There is an allegation in the complaint, as we have seen, that the defendants are ''engaged at the present time in hanging and suspending ladders and falls with ropes attached thereto from an adjoining building on the west of the aforesaid building, over and above the roof.'' The purpose of these ''ladders and falls with ropes attached thereto'' and the threatened suspension of ''other articles, materials and things therein'' is not disclosed by the complaint. In any event, as we have said, there is nothing in the averments from which we can determine how or why, if at all, these acts would cause irreparable injury to plaintiff's property. If we understand the complaint, the ladders, falls, etc., are not attached to and suspended from plaintiff's building, but to and from an adjoining building. Of course, if by clear and appropriate allegations it appeared from the complaint that the attachment of the ladders and falls to and their suspension from the building of an adjoining owner would interfere with and obstruct plaintiff's free, full and peaceable use of his property and in consequence would inflict upon him a permanent and an irreparable injury, to redress which there was

no adequate remedy at law, then and in such case plaintiff would be warranted in invoking the equitable remedy of injunction. But, to secure this remedy, as we have shown by the authorities, there must be a clear case disclosed by the pleaded facts of threatened irreparable injury which could not adequately be repaired by any of the existing legal remedies. If a full statement of all the facts and circumstances of the alleged trespass by the defendant upon plaintiff's property were clearly shown by the complaint (and surely they have not been), it might appear that the defendants "might be crowded out of the way by a *molliter manus imposuit*" (*Mechanics' Foundry* v. *Ryall*, 75 Cal. 602, [17 Pac. 703]), or it might appear that the plaintiff is afforded a complete remedy at law.

In his reply brief, appellant complains that counsel for respondent, in his presentation of his side of the cause on this appeal, has abandoned the position taken by him in the court below. In the lower court, he says, the defendants argued that the facts stated in the complaint show that the acts of the defendants were protected under the doctrine of *damnum absque injuria,* and that it was upon that view and theory that the learned judge of the court below sustained the demurrer. The sufficiency of the facts to state a cause of action was necessarily challenged by the demurrer, whatever may have been the specific moving cause of the ruling. We cannot perceive, however, how, from the face of the complaint, it could be determined that the facts bring the acts charged within the rule of *damnum absque injuria.* As we have before observed, the purpose for which the alleged acts have been committed and are threatened to be continued is not disclosed by the facts stated in the complaint. Indeed, the pleaded facts do not even furnish ground from which a conjecture as to the purpose of the acts complained of might be ventured. We do not, therefore, see how it can be determined from the complaint whether the alleged acts of defendants were and are excusable under that rule or not. But we are not concerned with the particular reasons upon which the ruling in the court below was founded. It is enough for us to be convinced that the ruling was correct, and, being so convinced, the judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1907.