## GIANELLA v. GRAY et al.*

### Court of Appeal, Third District; April 25, 1908.

#### 96 Pac. 329.

Injunction—Sufficiency of Allegations—General Demurrer.—A complaint alleged plaintiff's right to the exclusive use and occupation of land bordering on a navigable river and extending to low-water mark; that defendants had entered thereon, though prohibited to do so by plaintiff's agent, and had occupied the land above low-water mark, taken down fences, and had threatened to do so, and camped thereon, and had crossed over the land, leaving gates open, and made preparations to remain thereon, in violation of plaintiff's rights; that

———

*Rehearing denied by supreme court June 24, 1908.

23

owing to the great number of defendants, and their repeated acts of trespass, the law furnished plaintiff no adequate protection, and that he was compelled to resort to equity to avoid a multiplicity of actions. Defendants' insolvency was alleged, and that, unless restrained by injunction, they would enter upon and occupy the land in violation of plaintiff's rights, causing irreparable injury to the lands, and compel plaintiff to bring a multiplicity of actions. It was also rather vaguely averred that the lowlands lying immediately along the river bank overflow at times of high water, and are separated from the higher land by fences, and that at such times plaintiff's stock would drown unless removed to the higher land. Held, that, though the complaint was not clear and distinct in its averments, from which the court might determine whether the threatened injury complained of was likely to be irreparable, or that an adequate remedy at law was not available, it was good as against a general demurrer.

APPEAL from Superior Court, Butte County; John C. Gray, Judge.

Action by V. Gianella against Charles Gray and others. Judgment for plaintiff restraining defendants from committing alleged acts of trespass, and from an order denying a motion to dissolve the injunction, defendants appeal. Affirmed.

Joseph T. Matlock, Jr., for appellants; Guy R. Kennedy for respondent.

CHIPMAN, P. J.—This is an action to restrain defendants from trespassing upon plaintiff's land. The amended complaint alleges plaintiff's right to the exclusive use and occupation of certain land, particularly described in the complaint, bordering on the Sacramento river at a point where the same is navigable, and that his said right extends to low-water mark of said river; that defendants heretofore "have entered upon the above-described land, though prohibited so to do by the agent and attorney of the plaintiff, have taken down fences, and camped and occupied said land above low-water mark of said Sacramento river, and that they, and each of them, threaten to remain and use said land and premises, in violation of the rights of the plaintiff, and have built and are maintaining camp and camps thereon, and have taken down fences thereon, and have threatened so to do, and have taken a horse across said land, and have said horse now on said land, above low-water mark of said

Sacramento river, and have crossed through and over, and have left gates open, and are maintaining and making preparations to remain on said above-described land above low-water mark of said Sacramento river, in violation of the rights of plaintiff herein; that owing to the great number of defendants, and their constant, continuous, and repeated acts of trespass, the law furnishes plaintiff no adequate protection through the ordinary process, and he is compelled to resort to equity for relief, so as to avoid the bringing of a multiplicity of actions.'' Insolvency of defendants is alleged, and it is alleged that, "unless restrained by injunction, the defendants will enter upon, use, and occupy said lands and premises in violation of the rights of plaintiff, causing irreparable injury to said lands, and to the property of the plaintiff used in connection with said lands, and compel plaintiff to bring a multiplicity of actions against said defendants, and each of said defendants.'' It also appears from the complaint, by rather vague averments, that the lowlands lying immediately along the river bank overflow in times of high water, and are separated from the higher land by fences, and that in times of high water plaintiff's stock would drown unless removed to said higher land. The court made and entered its order, restraining defendants from committing the alleged acts of trespass, on March 14, 1907, and on the same day entered its judgment to like effect. The amended complaint was filed April 11th, 1907, and on the 12th defendants filed a general demurrer thereto, and on the same day served and filed a notice of motion to dissolve said injunction on the grounds set forth in the demurrer. On April 15th the court overruled the demurrer, with twenty days' leave to answer, and on April 24th the court denied defendants' motion to dissolve the injunction. Defendants made no answer, and the appeal is from this latter order. Appellants cite Bishop v. Owens, 5 Cal. App. 83, 89 Pac. 844, and other cases in which the principles governing this class of cases are fully stated and applied; and it is claimed that, when these principles are properly considered, the complaint will be found to be wholly insufficient. It must be conceded that the complaint is not only inartificially drawn, but is not clear and distinct in its averments from which the court must determine whether the threatened injury complained of is likely to be irreparable, or that an

adequate remedy at law is not available to plaintiff. A special demurrer pointing out the deficiencies in the complaint would doubtless have been sustained, but we cannot say that, upon general demurrer, it should be held to be wholly insufficient. For like reason we cannot say that the injunction is without support in the complaint.

The order denying the motion to dissolve the injunction is affirmed.

We concur: Hart, J.; Burnett, J.