[Civ. No. 2669. First Appellate District, Division One.—March 28, 1919.]

## MINA H. JOHNSON, Appellant, v. C. WUNNER, Respondent.

[1] LEASES — ORAL CONTRACT FOR — SPECIFIC PERFORMANCE. — An oral contract between a landlord and tenant whereby the tenant agrees to execute a new lease to the entire premises when certain additions to be made by the landlord for the benefit of such tenant have progressed to a given stage is at no period of its existence specifically enforceable.

[2] CONTRACTS — FULL PERFORMANCE BY ONE PARTY — MUTUALITY — SPECIFIC PERFORMANCE—DIVISIBILITY OF COVENANTS.—Neither party to an obligation can be compelled specifically to perform it unless the other party has performed, or is liable to specifically perform; and under this rule the contract cannot be divided into independent covenants.

[3] LEASES—ACTION TO COMPEL SPECIFIC PERFORMANCE—DAMAGES FOR BREACH—PLEADING.—In an action to compel specific performance of an oral contract to execute a lease, the court cannot allow damages for breach of the agreement where no issue of damages is tendered, the only allegation of damage in plaintiff's complaint being a mere conclusion of law "that unless said lease be executed plaintiff will suffer great and irreparable injury and loss."

[4] ID.—PLEADING—EQUITY.—Before a court of equity can intervene, it is necessary to allege the facts entitling plaintiff to the relief sought.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

:Walter H. Robinson for Appellant.

Costello & Costello and E. R. Hoerchner for Respondent.

KERRIGAN, J.—This is an action to compel specific performance of an oral contract, which plaintiff·claimed was fully performed on her part. At the time the contract was entered into the parties occupied the relation of landlord and tenant. The defendant, who is the tenant, conducted a grocery-store in premises owned by plaintiff, and he was desirous of increasing the dimensions of his floor space. Accordingly the parties entered into an oral agreement whereby plaintiff agreed to purchase a vacant lot adjoining the leased premises, and erect thereon a building as an addition to the store held by respondent as lessee. The purchase of the lot was made by plaintiff for the sum of four thousand seven hundred dollars, and plans for the erection of the building were prepared. In these plans it was provided that the east wall of the leased building should be removed so that the addition erected should be connected with and open into the store, and thus become an integral part of it. It was further orally agreed by the parties that before the erection of the building reached the stage where the removal of said wall was necessary, a new lease of the entire premises would be executed. Thereupon plaintiff erected at a cost of some three thousand dollars the contemplated addition, which, having reached the point when it became necessary to remove the wall, plaintiff signed and tendered the contemplated lease, which defendant refused to execute. Construction of the addition was thereupon discontinued by plaintiff owing to defendant's refusal to comply with his agreement, and this action was brought to compel respondent to specifically perform his contract. Judgment went for defendant, and plaintiff appeals, taking his appeal on the judgment-roll alone.

[1] In support of the judgment respondent argues that as the agreement was one for the erection and completion of a building, it is not the subject of specific performance, for the reason that it lacked mutuality; and it was upon this ground that the trial court rendered judgment in favor of defendant. It is conceded that contracts of this character cannot generally be specifically enforced, the reason being that the obligor cannot be forced to perform, and that therefore the obligee

should not be compelled so to do. But, it is insisted that in the instant case the contract was fully performed, for the reason that the parties having agreed to execute the lease when the work had progressed to the point when the intersecting wall was to be removed, when that time arrived nothing further remained executory. But a contract of this character at no period of its existence is specifically enforceable. **[2]** Neither party to an obligation can be compelled specifically to perform it unless the other party has performed, or is liable to specifically perform, everything that he has thereby undertaken (*Los Angeles* v. *Occidental Oil Co.*, 144 Cal. 528, 532, [78 Pac. 25]; *Tuohy* v. *Moore*, 133 Cal. 516, [65 Pac. 1107]); and under this rule the contract cannot be divided into independent covenants (*Idem*). This being so, specific performance was rightfully refused.

**[3]** Plaintiff further claims that if the relief sought is not obtainable, she is still entitled to some relief. The only other possible relief would be damages for breach of the agreement. Plaintiff's whole theory of her cause of action, however, was for specific performance. Her complaint is entitled, "Complaint in specific performance of lease," and the prayer is confined to that form of relief. No issue of damages was tendered. The only allegation of damages in plaintiff's complaint is found in the recital "that unless said lease be executed plaintiff will suffer great and irreparable injury and loss." Such an allegation is a mere conclusion of law (*Mechanics' Foundry* v. *Ryall*, 75 Cal. 602, [17 Pac. 703]; *Bishop* v. *Owens*, 5 Cal. App. 87, [89 Pac. 844].) **[4]** Before a court of equity can intervene, it is necessary to allege the facts entitling plaintiff to the relief sought. Here no such facts are set forth.

For the reasons given the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.