[Civ. No. 9890. Second Appellate District, Division Two.—April 19, 1935.]

HAZEL M. SHORT, Appellant, v. THE STUYVESANT INSURANCE CO. OF NEW YORK (a Corporation) et al., Respondents.

Haight, Trippet & Syverton for Appellant.

Joseph W. Pierce, Hindman & Davis, E. Eugene Davis and Angus C. McBain for Respondents.

SCOTT, J., *pro tem.*—Plaintiff brought this suit for malicious prosecution and at the conclusion of the evidence the trial court directed the jury to return a verdict for defendant insurance company. From judgment entered thereon plaintiff appeals.

Defendant had issued a policy for $3,000 covering plaintiff's household furniture. Shortly after it had been moved to a new address a fire broke out which had definite appearance of being of incendiary origin and which destroyed most of the furniture. Plaintiff submitted proof of loss to the company, including a claim for a grand piano, which she declared under oath she had purchased for $1240. The check given by her for that amount had included payment for a radio worth several hundred dollars and a clock worth about $40, so that to the extent of the value of the two latter articles the claim for loss of the piano was actually excessive and false, notwithstanding plaintiff's assertion that they were in the nature of a premium or inducement for her to buy the piano.

It appears without substantial conflict that investigators for the arson squad of the Los Angeles fire department, in pursuing their inquiry as to the cause of the fire, ascertained the facts as to the claim made by plaintiff and presented the evidence to a deputy district attorney, who prepared and approved a complaint, which was signed by the captain in charge of the arson detail, charging plaintiff with violation of section 549 of the Penal Code in presenting a false claim of insurance. An adjuster representing defendant company was at that time busying himself in an effort to effect a settlement of the claim; but it nowhere appears that he requested the prosecution nor that he had any part in it, except that he furnished the investigators the limited information he had about the case. At the preliminary hearing of the criminal case it was dismissed, and the defendant, plaintiff here, was discharged. ■ In the instant case, before directing the jury to return a verdict for defendant, the trial court made a finding that there was probable cause for the prosecution. This was an issue to be determined by the court as a matter of law, unless there

was some evidence which was in dispute and which therefore required submission to the jury under appropriate instructions limiting their function to ascertaining the facts. (*Franzen* v. *Shenk*, 192 Cal. 572 [221 Pac. 932], and cases therein cited; *Davis* v. *Pezel*, 131 Cal. App. 46 [20 Pac. (2d) 982].) Plaintiff contends that the evidence shows that defendant, through its adjuster, was endeavoring to use the criminal process to defeat a civil liability, and that therefore a *prima facie* case of want of probable cause is made out. Evidence to support this theory is lacking, since it does not appear that defendant's agents instigated or pressed the prosecution, and it does appear that the officials did so on the basis of evidence obtained by their own investigation.

We conclude that the trial court's determination that there was probable cause for the prosecution was correct, and that a verdict for defendant was properly directed.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.