GENEVIEVE BONAMY, Appellant, *v.*
MORITZ ZENOFF, Respondent.

No. 4355

May 31, 1961                                    362 P.2d 445

*Herman E. Fisher, Jr.*, of Las Vegas, for Appellant.

*Calvin C. Magleby* and *Albert M. Dreyer*, of Las Vegas, for Respondent.

**OPINION**

By the Court, McNAMEE, J.:

Appellant had been employed as an advertising saleswoman by respondent in connection with respondent's

TV station. Upon reporting for work on October 4, 1956 she was informed by respondent that she was discharged and was ordered to leave the station. She refused to do so. After such refusal, respondent contacted the Las Vegas city attorney for advice and, as a result of said call, city police officers arrived at the TV station. They requested appellant to leave the station and she refused, stating that she would leave only under a warrant of arrest. During this interim she sat at a desk, answered the telephone and stated over the telephone to the person or persons calling that the TV station was out of business or was going out of business. Thereupon, respondent swore to a complaint charging her with disorderly conduct. She was arrested, removed from respondent's premises, and taken to the police station where she was released on bail after having been photographed, fingerprinted, disrobed, and searched. After her plea of not guilty, the charges against her were dismissed when respondent refused to testify.

As a result of the foregoing, appellant commenced the action herein for "wrongfully, falsely, and maliciously" arresting appellant "upon a pretended charge of disorderly conduct."

The case was tried before a jury. At the close of the case respondent, pursuant to Rule 50 (a) NRCP, moved for a directed verdict. The motion was granted, judgment was entered in favor of respondent, and this appeal is from said judgment.

The only matter to consider on this appeal is whether the lower court erred in granting the motion for a directed verdict.

It is appellant's theory of the case that the complaint is one for malicious prosecution. Elements of malicious prosecution, aside from termination of the criminal prosecution, are (a) want of probable cause, and (b) malice.

It is conceded that malice may be inferred from proof of want of probable cause. McNamee v. Nesbitt, 24 Nev. 400, 56 P. 37. On the other hand, want of probable

cause cannot be inferred from malice. Fenstermaker v. Page, 20 Nev. 290, 21 P. 322.

We, thus, are concerned at this time only with the element of want of probable cause. No evidence tending to show want of probable cause was presented, and the evidence showing probable cause is undisputed. Appellant was committing a trespass, she refused to leave respondent's premises upon request, and she stated untruthfully over the telephone that the TV station was out of business.

Because the facts relating to the existence of probable cause are not in dispute, it becomes a question of law whether such facts constitute probable cause. Centers v. Dollar Markets, 99 Cal.App.2d 534, 222 P.2d 136; Short v. Stuyvesant Ins. Co. of New York, 6 Cal. App.2d 309, 43 P.2d 872. The lower court determined this question in favor of respondent and, in our opinion, properly did so. See Mechanics' Foundry v. Ryall, 62 Cal. 416; 75 Cal. 601, 17 P. 703. Consequently, there was nothing to go to the jury and the motion for a directed verdict was correctly granted.

Affirmed.

BADT, C. J., and PIKE, J., concur.