An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MEGAN KRAINSKI,
Appellant,
vs.
THE STATE OF NEVADA, EX. REL.
BOARD OF REGENTS OF THE
NEVADA SYSTEM OF HIGHER
EDUCATION, ON BEHALF OF THE
UNIVERSITY OF NEVADA, LAS
VEGAS, A POLITICAL SUBDIVISION
OF THE STATE OF NEVADA;
REBECCA MILLS, INDIVIDUALLY
AND VICE PRESIDENT FOR
STUDENT LIFE OF THE UNIVERSITY
OF NEVADA, LAS VEGAS; RICHARD
CLARK, INDIVIDUALLY AND AS
DIRECTOR OF STUDENT CONDUCT
AND RESIDENTIAL LIFE OF THE
UNIVERSITY OF NEVADA, LAS
VEGAS; PHILLIP BURNS,
INDIVIDUALLY AND AS SENIOR
STUDENT CONDUCT OFFICER OF
THE UNIVERSITY OF NEVADA, LAS
VEGAS; NANNETTE JIMENEZ,
INDIVIDUALLY AND AS A STUDENT
CONDUCT OFFICER OF THE
UNIVERSITY OF NEVADA, LAS
VEGAS; TYREE PINI, INDIVIDUALLY
AND AS ASSISTANT RESIDENTIAL
LIFE COORDINATOR; LESLIE
WALLENFELDT, INDIVIDUALLY AND
AS RESIDENTIAL LIFE
COORDINATOR OF THE UNIVERSITY
OF NEVADA, LAS VEGAS; BRETT
GOFF, INDIVIDUALLY AND AS A
POLICE OFFICER WITH THE
UNIVERSITY OF NEVADA, LAS

No. 62841

FILED

MAY 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

15-16424

VEGAS POLICE DEPARTMENT;
LAURA TRAMPOSCH, INDIVIDUALLY
AND AS A POLICE OFFICER WITH
THE UNIVERSITY OF NEVADA, LAS
VEGAS POLICE DEPARTMENT; JON
CULVER, INDIVIDUALLY AND AS A
POLICE OFFICER WITH THE
UNIVERSITY OF NEVADA, LAS
VEGAS POLICE DEPARTMENT;
KENYA POLEE, INDIVIDUALLY;
JEFFREY J. GREEN, INDIVIDUALLY
AND AS A POLICE OFFICER WITH
THE UNIVERSITY OF NEVADA LAS
VEGAS POLICE DEPARTMENT;
RICHARD DOHME, INDIVIDUALLY
AND AS A POLICE OFFICER WITH
THE UNIVERSITY OF NEVADA, LAS
VEGAS POLICE DEPARTMENT,
Respondents.

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

After being arrested on charges of assault with a deadly weapon and being formally disciplined by the University of Nevada, Las Vegas (UNLV), for lunging at her roommate with a pair of scissors, appellant Megan Krainski filed suit against respondents UNLV, its individual employees, and Kenya Polee—Krainski's former roommate at the UNLV dorm. Krainski alleged the following: (1) breach of contract for UNLV's breach of the express and implied contract pursuant to the UNLV Student Conduct Code, the Nevada System of Higher Education Code, and the UNLV Student Handbook; (2) negligence/negligent hiring, training, and supervision by UNLV for hiring individuals likely to commit unlawful

acts and for failing to properly train and supervise their employees; (3) intentional infliction of emotional distress (IIED); (4) civil conspiracy by respondents to fraudulently arrest Krainski, falsely charge her with a crime, and baselessly punish her for student code violations; (5) defamation, libel, and slander per se for making false oral and written statements to third parties; (6) false arrest; (7) malicious prosecution; and (8) civil rights violations.

After hearing both parties' summary judgment motions, the district court granted summary judgment on most of the causes of action. The court denied summary judgment of Krainski's causes of action for: breach of contract; negligence; negligent hiring, training, and supervision; IIED; and civil conspiracy. The court ordered that Krainski could not proceed against the individual UNLV employees on the basis of discretionary immunity. On a subsequent motion for reconsideration, the court ordered that UNLV was also entitled to discretionary immunity. Accordingly, the court granted summary judgment to UNLV on Krainski's causes of action for breach of contract; negligence; negligent hiring, training, and supervision; and IIED. The parties subsequently entered into a stipulation, which the district court adopted in its order for dismissal with prejudice, that reserved the right for Krainski to appeal the district court's resolution of her causes of action for: breach of contract; negligence; negligent hiring, training, and supervision; IIED; malicious prosecution; and false arrest. Krainski appealed the district court order granting UNLV's summary judgment motion for probable cause; malicious prosecution; breach of contract; negligence; negligent hiring, training, and supervision; and IIED. Krainski also requested that this court grant an

adverse inference against UNLV due to the spoliation of material evidence.[1] For the following reasons, we affirm.

*Waiver of discretionary immunity argument on appeal*

Until her reply brief, Krainski failed to challenge the district court's order granting UNLV summary judgment due to discretionary immunity on Krainski's causes of action for: breach of contract; negligence; negligent hiring, training, and supervision; and IIED.[2] Because Krainski failed to raise the district court's grant of immunity in her opening brief, we will not upset the district court's immunity ruling. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. Adv. Op. 48, 286 P.3d 249, 261 n.13 (2012). Accordingly, we affirm the district court's grant of summary judgment.[3]

*Malicious prosecution*

Krainski asserts that she suffered malicious prosecution because the police lacked probable cause to arrest her owing to their

---

[1]Krainski claimed that UNLV failed to preserve the scissors that she purportedly used to attack Polee, despite being on notice of her claims.

[2]Instead of arguing that UNLV was not entitled to discretionary immunity, which was the basis of the district's court order granting summary judgment to UNLV, Krainski solely argued that genuine issues of material fact remained and that summary judgment was therefore precluded.

[3]Although we decline to reach the merits of these issues, we note, for clarity, that intentional torts and bad faith conduct are exempt from statutory discretionary-function immunity. *Franchise Tax Bd. of Cal. v. Hyatt*, 130 Nev. Adv. Op. 71, 335 P.3d 125, 135 (2014), *petition for cert. filed*, ___ U.S.L.W. ___, (U.S. Mar. 25, 2015) (No. 14-1175). A government employee is not entitled to immunity under NRS 41.032 "for intentional torts or bad-faith misconduct, as such misconduct, 'by definition, [cannot] be within the actor's discretion.'" *Id.* (alteration in original) (quoting *Falline v. GNLV Corp.*, 107 Nev. 1004, 1009, 823 P.2d 888, 892 (1991)).

failure to conduct a more thorough investigation prior to her arrest. The lack of probable cause is essential to every malicious prosecution claim. *See LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (listing the elements of a malicious prosecution claim). Where, as here, the facts are undisputed, the existence of probable cause is a question of law. *Bonamy v. Zenoff*, 77 Nev. 250, 252, 362 P.2d 445, 447 (1961). We have held that "[p]robable cause to conduct a warrantless arrest exists when police have reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed by the person to be arrested." *Doleman v. State*, 107 Nev. 409, 413, 812 P.2d 1287, 1289 (1991); *see* NRS 289.350(1)(a) (stating that campus police are state peace officers when exercising their power or authority on the university campus). Further, probable cause to arrest may be based on a witness's statement. *Thomas v. Sheriff, Clark Cnty.*, 85 Nev. 551, 552-54, 459 P.2d 219, 220-21 (1969) (holding that witness's statement to police sufficient for police to have probable cause for arrest).

Krainski's argument that police lacked probable cause to arrest her is unpersuasive. *See id.* Polee's statement and demeanor and the officer's determination that the scissors could have injured Polee were sufficient to warrant "a person of reasonable caution to believe that an offense . . . [was] committed by [Krainski]." *See Doleman*, 107 Nev. at 413, 812 P.2d at 1289. Therefore, we conclude that the evidence was sufficient for the district court to determine that the police had probable cause to arrest Krainski. Thus, because the record reflects that UNLV police had probable cause to arrest Krainski, we conclude that summary judgment was proper on Krainski's malicious prosecution claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

*Spoliation of material evidence*

Despite the stipulation defining which causes of action Krainski may raise on appeal, Krainski also raised the issue of spoliation in her appeal. "[V]alid stipulations are controlling and conclusive and both trial and appellate courts are bound to enforce them." *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1118, 197 P.3d 1032, 1042 (2008) (internal quotation omitted). Further, parties' stipulations concerning the issues that may be raised before an appellate court are enforceable. *See S.F. Baykeeper v. Cargill Salt Div.*, 481 F.3d 700, 709 (2007). Here, the parties entered into a stipulation, which the district court adopted in its order for dismissal with prejudice, in which the parties agreed that Krainski could only present certain issues on appeal. The spoliation of material evidence was not included in that stipulation and thus not preserved for this court's review. Therefore, we conclude that Krainski's claim that UNLV's actions led to spoliation of material evidence is precluded by the parties' settlement agreement and is not properly before this court.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

 

cc:    Hon. Nancy L. Allf, District Judge
       Hon. Kenneth C. Cory, District Judge
       Paul H. Schofield, Settlement Judge
       The Bach Law Firm, LLC
       University of Nevada, Las Vegas, Office of General Counsel
       Gabroy Law Offices
       Eighth District Court Clerk