McCARTNEY v. FITZ HENRY et al.

WHERE the record shows simply a statement signed by the District Judge, without any certificate preceding as to the correctness of the statement, and it does not purport to be a statement on motion for new trial, and no order appears disposing of the motion for new trial: *Held*, that there is no statement on motion for new trial or on appeal. And the grounds of the motion for new trial not being filed within the time required by law, the appeal is from the judgment alone.

The Supreme Court will consider only errors of law, to which exceptions have been regularly taken. The findings of the Court below on the facts will not be reviewed.

A deed to defendant admitted as *prima facie* evidence, the question as to the identity and description of the premises being matter of subsequent proof. See facts.

If exceptions to the rulings below be not taken at the time, they cannot be urged on appeal.

APPEAL from the Sixth District.

Replevin for a lot of barley and hay, raised and cut by defendant on land bought by him of one Treadway. Plaintiff claimed under a mortgage, executed to him by J. O. Sherwood and wife, of "a farm known as Gold Spring Ranch, lying and being in Sacramento county, State of California, recorded by the said J. O. Sherwood in book 'A' of preëmption claims for said county, the boundaries of which are particularly described in said record, and containing one hundred and sixty acres." Plaintiff foreclosed this mortgage, bid in the land, and received the Sheriff's deed.

Sherwood and Treadway were partners, and took up, respectively, under our Possessory Act, two adjoining tracts of one hundred and sixty acres each. The house, barn, etc., were built on the Treadway tract, no improvements being made on the Sherwood claim. The preëmption claim of Sherwood was recorded in book "B," instead of book "A," as recited in the mortgage. The barley and hay were raised and cut by Treadway on the tract taken up by him. Plaintiff claimed

that the term "Gold Spring Ranch" meant the whole three hundred and twenty acres, and introduced evidence to show that fact; and offered also to show that when he took the mortgage from Sherwood, Treadway told plaintiff. he (Treadway) had no interest in the land—that it belonged to Sherwood, and that defendant knew of this when he purchased of Treadway. This last evidence was ruled out. Defendant offered in evidence a deed from Treadway to him of the land on which the crops grew; to which plaintiff objected, on the grounds: First, that Treadway had not shown that he ever complied with the Possessory Act of this State, so as to give him any title to convey; Second, that if he had any interest, it was only as partner, and he abandoned it; Third, that the deed was made to E. F. Henry, and not to defendant. Overruled and exceptions. Plaintiff claimed to be the owner of the grain and hay, because of his alleged ownership of the land on which they grew. The Court below found defendant, Fitz Henry, to be the owner, and in possession of the property sued for. Judgment for defendant. Plaintiff appeals.

W. S. Long, for Appellant.

E. B. Crocker, for Respondent.

BALDWIN, J. delivered the opinion of the Court— COPE, J. concurring.

We do not see any settled or agreed statement in this case, on motion for a new trial or on appeal. There appears the signature of a Judge of the District Court, but no certificate of the correctness of the statement preceding, which does not purport to be a statement on motion for a new trial; nor do we see any order disposing of the motion for a new trial. The grounds of the motion for a new trial were not filed within the time required by law. The appeal here, then, must be from the judgment. This was rendered by the Court, sitting without a jury. No statement on appeal appears in the record; but if we are to consider this statement as a statement on appeal, we can only consider the errors of law to which exception was regularly taken. The Court finds that the defendant, Fitz Henry, was the owner and in possession of the property. Whether the Court was warranted by the evidence in so finding, we cannot determine, as on appeal we cannot review the finding on the facts. This disposes of the two first assignments of the appellant.

Two other assignments remain.

Orman *v.* Riley.

1. That the Court erred in admitting Treadway's deed to Fitz Henry.

2. That the plaintiff offered, and was not permitted to show, that at the time Sherwood and wife executed the mortgage to plaintiff, Treadway represented to him that he had no title to the premises mortgaged, and this was known to Fitz Henry.

*Prima facie,* on the theory upon which the plaintiff proceeded in the conduct of the cause, the deed of Treadway to Fitz Henry was evidence, the question of the identity and description of the premises being a matter of subsequent proof.

The last assignment is answered by the suggestion, that if this matter were important, the plaintiff took no exception to the ruling of the Court at the time; and it is too late now to take it on appeal.

We see no error in the record which would justify a reversal of the judgment.

Judgment affirmed.