[Department Two.—March 8, 1883.]

## A. L. THIELE, APPELLANT, *v.* CAROLINE KOSTER, EXECUTRIX OF THE WILL OF ALBERT KOSTER, DECEASED, RESPONDENT.

NEW TRIAL— CONFLICTING EVIDENCE.—Where the evidence is substantially conflicting, an order refusing a new trial will not be reversed for insufficiency in the evidence.

TRIAL— ERROR— EXCEPTION— REVIEW ON APPEAL.—A ruling of the court at the trial, to which no exception is taken, cannot be reviewed on appeal.

ID.—IRREGULARITIES AS GROUNDS FOR A NEW TRIAL.—The action was tried by the court without a jury. The decision was against the plaintiff, who moved for a new trial, and relied in part upon irregularities in the proceedings of the court. The irregularities consisted in certain remarks made by the judge during the progress of the trial in regard to the nature and effect of the evidence. *Held*, that the irregularities were not such as to prevent the plaintiff from having a fair trial.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought on a promissory note. The answer denied the execution of the note, and alleged a want of consideration. The additional facts are sufficiently stated in the opinion of the court.

*A. Campbell, Sr.*, and *J. F. Cowdery*, for Appellant.

*Jarboe & Harrison*, for Respondent.

PER CURIAM.—The appellant claims that the court erred in denying his motion for a new trial upon two grounds: (1) Insufficiency of the evidence to justify the decision, and (2) irregularity in the proceedings of the court by which he was prevented from having a fair trial.

As to the first, it is sufficient to say that in our opinion there is a substantial conflict of evidence upon the question of the execution of the note by the alleged maker. Such being the case, it matters not whether the evidence apparently preponderates on the one side or the other. A substantial conflict is sufficient to preclude a review of the facts by this court.

To support the second ground the appellant's counsel relies upon the following facts: At the close of the cross-examination

of the plaintiff's witness, Lackman, the court remarked that there was some doubt in his mind whether the witness saw the alleged maker of the note sign it, and added "he said he did not. I will recall the witness." Thereupon defendant's counsel objected to the witness being recalled to prove what had been pointed out to him. The court sustained the objection, but the ruling is not excepted to. It appears by the record that the witness did testify that he saw the alleged maker of the note sign it, and that the court was in error when it said that the witness had said that he did not see it signed.

If an exception had been taken to the ruling of the court, the question whether the court erred in so ruling would be fairly before us. In the absence of an exception we do not think that it is.

While the defendant's witness Koster was undergoing cross-examination, the plaintiff's attorney asked her this question: "Do you see any difference between that signature and your father's?" She answered that "the great difference that even goes down to the bottom of the 'a.'" Thereupon the court remarked: "The 'a' is sharper than all the other 'a's.' The other 'a's' are rounded, every one of them." Plaintiff's attorney here handed up an undisputed signature of the alleged maker of the note, and said: "There is one 'a,'" but the court interrupted him and said: "That ain't anything like it in any respect."

We are unable to perceive that the plaintiff was prevented from having a fair trial by either of the alleged irregularities.

Judgment and order affirmed.

Hearing in Bank denied.