## ETTER v. HUGHES et al.

### No. 18,402; September 18, 1895.

41 Pac. 790.

**Judgment—Entry on a Verdict Against One Defendant Only.—**
In assumpsit against W. and M., husband and wife, on a verdict "in
favor of defendant M. against plaintiff," without mentioning W.,
judgment was entered that plaintiff take nothing by the action, and
that M. recover her costs. Held, that the judgment meant that plain-
tiff take nothing by his action as against M., and the court was
authorized to enter judgment in favor of plaintiff as against W.

APPEAL from Superior Court, Madera County; W. M.
Conley, Judge.

Action by A. J. Etter against Matilda B. Hughes and Will-
iam M. Hughes for the recovery of money. The latter con-
sented that judgment be entered against him, and from a
judgment in favor of Matilda B. Hughes plaintiff appeals.
Affirmed.

W. H. Larew for appellant; H. H. Welsh for respondents.

BELCHER, C.—This action was brought to recover the sum
of $452.70, alleged to be due from the defendants, who are
husband and wife, to the plaintiff, for groceries, drygoods,
and general merchandise sold and delivered by him to them
at their special instance and request. Defendant William M.
Hughes answered, admitting the indebtedness as against him-
self, and consenting that judgment be entered against him for
the amount claimed by plaintiff in his complaint, and all legal
costs of the action. Mrs. Hughes answered separately, and
denied generally and specifically each and every allegation in
the complaint contained. The case was tried before a jury,
and the verdict was "in favor of the defendant Matilda B.
Hughes against plaintiff," without any mention of the other
defendant. On this verdict, judgment was entered that the
plaintiff take nothing by reason of the action, and that Mrs.
Hughes recover her costs and disbursements incurred in the
action. The plaintiff appeals from the judgment on the judg-
ment-roll, without any statement or bill of exceptions.

It was not necessary for the jury to find and return a verdict upon the claim against William M. Hughes. As to that claim, there was no issue, and there could be no trial. And as to him, the court was authorized to enter judgment in favor of the plaintiff upon the pleadings, and it may still do so. "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants": Code Civ. Proc., sec. 578. The judgment entered, when properly construed, was only that the plaintiff take nothing by his action as against Mrs. Hughes, and that she recover her costs. There is no substantial merit in the appeal, and the judgment should be affirmed.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.