122   641
s126 442

[Sac. No. 437.   Department One.—December 13, 1898.]

## CALIFORNIA NAVIGATION COMPANY, Appellant, v. UNION TRANSPORTATION COMPANY, Respondent.

INJUNCTION—USE OF STEAMBOAT LANDINGS—PLEADING—IRREPARABLE INJURY.—In an action by one steamboat company against another to prevent its use of landings and wharves erected by the plaintiff for its exclusive use under contract with the owner of the land, a complaint averring generally daily and continuous damage to plaintiff, which he cannot determine or calculate, and which cannot be recovered without a multiplicity of suits; and that defendant, if not restrained from a continuance of its acts, will acquire an easement in the property, without further statement of facts showing how or why plaintiff will sustain irreparable injury, is insufficient to show irreparable injury, or to sustain the extraordinary remedy by injunction.

ID.—CONSTRUCTION OF PLEADING.—The rule is that pleadings are to be construed most strongly against the pleader.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, judge.

The facts are stated in the opinion of the court.

Woods & Levinsky, for Appellant.

Thomas H. Breeze, for Respondent.

THE COURT.—The plaintiff and defendant in this case are both corporations, organized under the laws of this state, and engaged in the business of transporting freight and passengers by steamboats between the city and county of San Francisco and the city of Stockton, and intermediate points.

The plaintiff brought this action to obtain an injunction restraining the defendant from making landings upon certain land bordering on the San Joaquin river and receiving therefrom and delivering thereon freight and passengers.

A general demurrer to the complaint was interposed and sustained, and, plaintiff declining to amend, judgment was entered that it take nothing by the action.   From that judgment the plaintiff appeals.

It is alleged in the complaint that on November 30, 1896, one A. J. Larson was the owner of a tract of land in the county of

San Joaquin, containing fifteen hundred and ninety-two and fifty one-hundredths acres, and bounded in part by Black's slough, by a certain levee canal, and by the San Joaquin river, and that on the day named he contracted with J. D. Peters that he, the said Peters, his heirs, executors, administrators, and assigns, "should have the sole and exclusive right and privilege, for the period and term of forty-three years from and after said date, to erect wharves, landings, piers, chutes, warehouses, and any and all buildings and structures in any way appertaining thereto, and shall have the exclusive right of landing with boats, barges, or other vessels on the said premises for said term, and shall have the exclusive right and privilege of making landings on any part or portion of the said lands, fronting on the 'waterfront,' so-called, that is, any part or portion of said lands facing upon any water surrounding the same, or any part or portion thereof."

That on or about December 16, 1896, the said Peters, for a valuable consideration, assigned and transferred the said con· tract to the plaintiff, and that it is still the owner and holder thereof.

"That the said defendant, without the consent and against the will of the said plaintiff, has, for many days last past, continuously entered upon the said land and premises, and used the same for the purpose of making landings and receiving therefrom freight and passengers and of delivering thereon freight and passengers, and that the said defendant, although requested so to do, has refused to cease from said use of the said land and premises, and threatens to and will, unless restrained by this honorable court, continue to enter upon and use the said land and premises for the aforesaid purposes:"

"That the said entry of the said defendant and its said use of the said land and premises, as aforesaid, has caused and does cause, to this plaintiff, continuous and daily damage, the amount whereof the plaintiff is not able to determine or calculate."

"That to recover the amount of damages suffered by the said plaintiff, by reason of the said acts of the said defendant, as aforesaid, will require a multiplicity of judicial proceedings."

"That the continuance of the said acts of the said defendant, as aforesaid, will enable the said defendant, unless restrained therefrom, to acquire an easement in and upon the said land and

premises, and the use thereof, for the said purposes, adverse to this plaintiff."

The only question presented for decision is, Does the complaint state facts sufficient to constitute a cause of action.

The rule is, that pleadings are to be construed most strongly against the pleader, and, when so construed, we think the complaint in this case fails to state a cause of action.

It will be observed that it contains only a general averment as to the injury caused or to be caused by the acts of the defendant. No facts are set out showing how or why the supposed injury would be irreparable. But to obtain an injunction, when irreparable injury is relied upon, such a showing is necessary. "It is not sufficient that the affidavit alleges that the injury would be irreparable—it must be shown to the court how and why it would be so; otherwise the extraordinary remedy of injunction will not be allowed." (*Waldron v. Marsh*, 5 Cal. 119, 120.)

"An injunction is never granted unless the bill shows some vested right in the plaintiff, which is likely to suffer great or irreparable injury from the act complained of. The mere allegation of such injury is insufficient. The facts stated must satisfy the court that such apprehension is well founded." (*Branch T. P. Co. v. Supervisors*, 13 Cal. 190. See, also, *Mechanics' Foundry v. Ryall*, 75 Cal. 601, and High on Injunctions, secs. 34, 722.) And the general averment that defendant, by its acts, "has caused and does cause, to this plaintiff, continuous and daily damage," being insufficient to show any irreparable damage or injury whatever, it cannot be said to be in any way aided or helped out by the further averment that to recover the amount of such damages "will require a multiplicity of judicial proceedings."

For the reasons given in the foregoing opinion the judgment is affirmed.

Hearing in Bank denied.