[Sac. No. 1645.　Department One.—September 12, 1908.]

## ANNA RANDALL, Appellant, v. CLARK V. FREED, Respondent.

APPEAL—EXCEPTION—TRIAL CONDUCTED BY PERSON NOT LAWYER.—The fact that a trial was conducted by a person not versed in the law can afford on appeal no ground for disregarding the want of exceptions reserved to adverse rulings where such exceptions were necessary.

ID.—EXCEPTIONS, WHEN NECESSARY.—Except in the cases specified in section 647 of the Code of Civil Procedure, an exception must be taken at the time the decision is made, and if not the objection to the ruling cannot be urged on appeal.

ID.—CALLING JURY—ADMITTING EVIDENCE.—Rulings of the trial court in calling a jury, and in admitting testimony are not deemed to have been excepted to under section 647 of the Code of Civil Procedure, and cannot be reviewed on appeal in the absence of exceptions taken.

ID.—INSTRUCTIONS NOT EXCEPTED TO.—Instructions given by the court to the jury, in a case tried prior to the amendment of 1907 to section 647 of the Code of Civil Procedure (Stats. 1907, p. 715), were not deemed to have been excepted to, and cannot be reviewed in the absence of exceptions taken.

INJUNCTION—THREATENED TRESPASS TO REAL PROPERTY—IRREPARABLE INJURY NECESSARY.—An injunction will not lie to restrain threatened repeated trespasses to real property and the use of offensive and insulting language in connection therewith, where it does not appear that any irreparable injury would result from the commission of the threatened acts, nor that, if they were committed, the party aggrieved would not have a complete and adequate remedy at law. And this is so, although such threatened acts might constitute a nuisance.

APPEAL from a judgment of the Superior Court of Placer County and from an order refusing a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Tabor & Tabor, and Grove L. Johnson, for Appellant.

L. L. Chamberlain, for Respondent.

SLOSS, J.—This is an action to recover damages for a battery alleged to have been committed by defendant upon the person of plaintiff. The defendant answered, denying the material allegations of the complaint. The answer included a counterclaim, in which the defendant alleged that he was the owner of a dwelling-house, which he occupied with his family; that the plaintiff wrongfully and maliciously entered said premises, and did, "by malicious, wrongful and unlawful acts and words disturb the peace and quiet of defendant and his family, and did then and there willfully and unlawfully trespass upon the grounds, property of the defendant, and make herself a nuisance to defendant and his family." The specific acts complained of are the use by plaintiff of "opprobrious epithets" addressed to defendant and his wife. It is further alleged that, on the occasion mentioned in the complaint, plaintiff attacked defendant "with her hands and fists," and that he merely defended himself. The "counterclaim" charges that plaintiff informed defendant that she would come upon his premises whenever she chose, and say to him and his family whatever she pleased to say, avers that he has suffered damage in the sum of five hundred dollars, and asks judgment for such sum, together with a decree restraining plaintiff "from continuing to create a nuisance in and about the said premises of the defendant."

The case was tried before a jury, which returned a verdict in favor of the defendant without damages. The court adopted the verdict, and made findings, by which it declared that all of the allegations of the complaint were untrue, and that all the allegations of the counterclaim, except the allegation as to damage, were true. Judgment was entered that plaintiff take nothing; that defendant recover his costs, and that plaintiff be enjoined from "entering the lands and premises of said defendant, or any part thereof, and committing a nuisance or disturbing the peace of said defendant and his family, in or upon the road or roads immediately adjacent to said premises."

Plaintiff appeals from the judgment and from an order denying her motion for a new trial. From the statement on motion for new trial it appears that the plaintiff was not represented by counsel, but conducted the trial in her own behalf. The record shows no exception to any of the rulings

of the court now assigned as error. The fact that the trial
was conducted by a person not versed in the law may serve
to account for the failure to take exceptions to adverse rulings,
but can, of course, afford to this court no ground for disre-
garding the want of such exceptions where they are necessary.
Except in certain cases specified by statute (Code Civ. Proc.,
sec. 647) an exception "must be taken at the time the decision
is made" (Code Civ. Proc., sec. 646), and if it is not so taken,
the objection to the ruling cannot be urged on appeal. (*Mc-
Cartney* v. *Fitz Henry*, 16 Cal. 184; *Keeran* v. *Griffith*, 34
Cal. 580; *Thiele* v. *Koster*, 63 Cal. 241; *Austin* v. *Andrews*,
71 Cal. 98, [16 Pac. 546]; *Lee* v. *Murphy*, 119 Cal. 364, [51
Pac. 549, 955].) Among the points here made are that the
court erred in calling a jury and in permitting the defendant
to give certain testimony. These rulings are not within any
of the classes of judicial acts "deemed to have been excepted
to" under the Code of Civil Procedure, section 647. For the
same reason, we cannot consider the criticisms directed against
the court's instructions to the jury. While the law has now
been amended so as to relieve parties from the necessity of
taking an exception to an order "modifying, giving, or re-
fusing to give, in whole or in part, an instruction to the jury"
(Code Civ. Proc., sec. 647, as amended in 1907; Stats. 1907,
p. 715), the amendment was not in force at the time this
case was tried. Before the amendment, it was thoroughly
settled that instructions given to the jury must be excepted
to, in order to enable the appellant to take advantage of errors
in them, if there be such errors. (*Wilkinson* v. *Parrott*, 32
Cal. 102; *Williams* v. *Southern Pac. Co.*, 110 Cal. 457, [42
Pac. 974].)

The point that the findings are not supported by the evi-
dence cannot be maintained. On every material issue there
was a substantial conflict of testimony.

We think, however, that the court erred in granting the
defendant relief by way of injunction. The error appears
on the face of the judgment-roll, and the point may be raised
on the appeal from the judgment. No exception is necessary.
Waiving the question whether the matters alleged by defend-
ant in this connection form a proper subject for counterclaim,
the facts set up and found afford no basis for an injunction.
The acts which plaintiff is alleged to have threatened consist

merely of repeated trespasses and the use of offensive and insulting language addressed to defendant and his wife. It does not appear that any irreparable injury would result from the commission of the threatened acts, nor that, if they were committed, the defendant would not have a complete and adequate remedy at law. "Before a court of equity will interfere to restrain a trespass, it must appear that the injury to result from the trespass will be irreparable. And it is not sufficient simply to allege that fact, but it must be shown to. the court how and why it will be so." (*Mechanics' Foundry* v. *Ryall,* 75 Cal. 601, [17 Pac. 703]; *California etc. Co.* v. *Union etc. Co.,* 122 Cal. 641, [55 Pac. 591].) It is of no consequence that the counterclaim alleges that plaintiff "makes of herself a nuisance to defendant." The defendant's conclusion that a nuisance was created is not sustained by the specific facts alleged (Civ. Code, sec. 3480), but, even if we were to accept his conclusion, he is not helped. A court of equity will not issue an injunction in cases of nuisance any more than in other cases in the absence of a showing that there is no plain, speedy, and adequate remedy at law. (3 Wood on Nuisance, p. 1150; 14 Ency. of Plead & Prac., p. 1123.) We are unable to perceive that, in the event of a recurrence of the acts complained of, the defendant cannot secure prompt and adequate relief through the ordinary processes of law.

The judgment is modified by striking therefrom the provisions restraining and enjoining the plaintiff from performing the acts above referred to, and, as so modified, the judgment will stand affirmed.

The order denying a new trial is affirmed.

Angellotti, J., and Shaw, J., concurred.