[L. A. No. 4047. Department One.—December 15, 1917.]

## N. O. HARMON, Respondent, v. MARTHA H. DE TURK et al., Appellants.

APPEAL—ORDER OVERRULING DEMURRER.—An order overruling or sustaining a demurrer is not appealable, but is reviewable on appeal from the judgment.

ID.—APPEAL FROM JUDGMENT—FINDINGS WAIVED.—Where findings are waived, after a trial by the court, and the judgment recites that

the court finds all the allegations of the complaint true, the judgment imports that the court found in favor of the plaintiff on all material issues, and, no evidence being brought up in the record, it must be assumed on appeal that such findings are fully supported.

ID.—PLEADINGS — QUESTION NOT ARGUED NOT CONSIDERED.—Where a ruling sustaining a demurrer to a cross-complaint is not argued by the appellant, it will not be considered on appeal from a judgment.

INJUNCTION—TRESPASS ON LAND.—Injunction, generally, will not lie to restrain trespasses on land, an action at law ordinarily affording adequate remedy.

ID.—NOT GRANTED TO RESTORE POSSESSION OF LAND.—It is not the usual practice of courts of equity to issue injunctions to restore land to a claimant out of possession.

ID.—RESTRAINING TRESPASS, WHEN ALLOWABLE.—An injunction may be granted to restrain trespass where the threatened injury would be irreparable, and the legal remedy inadequate.

ID.—INTERFERENCE WITH RIGHT TO ENTER LANDS AND REMOVE SOIL ITSELF—IRREPARABLE DAMAGE.—A lessee who has the right to enter lands and remove sand, rock, and gravel, subject to a condition that he shall erect a suitable plant within a limited time, and who is excluded from the land by the lessor's wife, thereby preventing him from constructing the improvements on which his rights depend, and also preventing him from carrying out his obligations to persons with whom he has contracted to deliver sand, rock, and gravel, is threatened with irreparable damage, which warrants relief by injunction.

ID.—TRESPASSES WHICH MIGHT RIPEN INTO PRESCRIPTIVE RIGHT.—Repeated trespasses on land, which might if allowed to continue, ripen into a prescriptive right, as against a lessee entitled to possession, warrant the interposition of a court of equity by injunction.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

M. Randall, for Appellants.

Davis & Rush, for Respondent.

SLOSS, J.—The purpose of this action was to obtain an injunction restraining the defendants from interfering with the plaintiff in the free use and occupancy of a tract of land in the county of Los Angeles. The complaint alleged that on May 2, 1914, the defendant J. G. De Turk was the owner

of said land; that on that day he executed and delivered to the plaintiff a written lease of said land for the term of one year, with the privilege of renewals. By said writing the lessee was given the exclusive right of excavating, grading, and removing sand, rock, and gravel from said land, subject to the proviso that within ninety days he should have erected upon the premises a suitable plant and equipment for the work, and that after said ninety days he should remove at least one thousand cubic yards per month of said sand, rock, and gravel, paying the lessor at the rate of ten cents for each cubic yard so removed. It is alleged that in order to carry out said agreement the plaintiff contracted for the purchase of machinery, lumber, and other materials to the value of several thousand dollars, in order to erect the required plant, and that he has made contracts with various persons for the delivery to them of sand, rock, and gravel to be taken from the premises. On or about June 9, 1914, the plaintiff attempted to enter the premises for the purpose of erecting and constructing the plant and carrying out the terms of his lease, but found the premises inclosed by a fence, and the entrance gate locked. He entered the premises and was making measurements for the purpose of complying with his contract when the defendant Martha H., wife of the lessor, ordered plaintiff off the premises, and stated that she had put the lock on said gate, that she would not permit plaintiff to enter for the purpose of carrying out the terms of said lease, or for any other purpose, and that she would prevent him from erecting any building on said premises, or from removing therefrom any sand, gravel, or rock. The complaint contains the usual allegations that said defendant wife will, unless restrained, carry out her threats and prevent plaintiff from entering the property, and from performing the terms of the lease on his part, and will prevent him from carrying out his obligations to persons with whom he has contracted to deliver sand, rock, and gravel, and with whom he has made contracts for the erection of a plant on said premises, "all to the great and irreparable damage of the plaintiff herein." It is also alleged that defendant Martha H. De Turk is insolvent and unable to respond in damages for any judgment that might be obtained against her. The demurrer of the defendant Martha H. De Turk having been overruled, she answered and filed a cross-complaint, in which she attacked

the validity of the lease, asserting that she owned an interest in the land. J. G. De Turk filed a separate answer in which he, in effect, joined in the request that plaintiff be granted an injunction against the defendant Martha H.

Plaintiff's demurrer to the cross-complaint having been sustained with leave to amend, and no amendment having been made, the cause came on for trial. Findings were waived, and the court entered judgment granting the plaintiff the relief for which he had prayed. The notice of appeal states that the defendant Martha H., "and for her husband, J. G. De Turk," appeals from the judgment, and the order of the court overruling the demurrer of the defendants, and the order of the court sustaining the demurrer of the plaintiff to the defendants' cross-complaint.

The only appeal that can be considered is that from the judgment, since our law does not authorize an appeal from an order overruling or sustaining a demurrer. The rulings on demurrer are, however, reviewable on the appeal from the judgment itself.

The court in its judgment recites that it finds all of the allegations of the complaint to be true, and all of the allegations in the answer of the defendant Martha H. De Turk, claiming an interest in the property, to be untrue. Even without this, the judgment itself would, in view of the fact that findings were waived, import that the court had found in favor of the plaintiff on all material issues. No evidence being brought up in the record, we must assume that such findings are fully supported.

The only question to be decided is whether the complaint states facts entitling the plaintiff to the relief sought. We are not called upon to consider the propriety of the ruling sustaining plaintiff's demurrer to the cross-complaint, since the appellants have not seen fit to argue this question.

The contention of the appellant wife is that on the facts alleged there is no such showing of irreparable injury to the plaintiff, or of inadequacy of a remedy at law, as to justify the interposition of a court of equity by means of an injunction.

It is, no doubt, the general rule that injunction will not lie to restrain mere trespasses on land, and this for the simple reason that an action at law will ordinarily afford an ample and adequate remedy for the wrong. (*Mechanics' Foundry*

v. *Ryall*, 75 Cal. 601, [17 Pac. 703] ; *California Nav. Co.* v. *Union Transp. Co.*, 122 Cal. 641, [55 Pac. 591] ; *Randall* v. *Freed*, 154 Cal. 299, [97 Pac. 669].) And, on like grounds, it is not the usual practice of courts of equity to issue injunctions for the purpose of restoring land to a claimant out of possession—in other words, to permit an injunction suit to be substituted for an action of ejectment. (22 Cyc. 826.) The injunction may, however, be granted, even in such cases, where the threatened injury would be irreparable and the legal remedy inadequate. (22 Cyc. 827.) These requisites are shown to exist in the case at bar. We have more here than a threat of repeated trespasses, or a bare withholding of possession. The plaintiff is entitled to enter under an agreement which authorizes him to remove the very substance of the land itself, and makes his right dependent upon the construction of improvements within a limited time and a continuing activity thereafter. He is excluded from the land by physical obstructions wrongfully erected and threatened to be maintained by the appellant Martha, who is, in fact, the only defendant complaining of the decree. An action at law would not give him an undisturbed possession in time to enable him to carry out his obligations under his lease. These facts, entirely apart from the allegations of insolvency, make out a case of irreparable damage sufficient to warrant relief by way of injunction. Furthermore, the acts of the defendant, if allowed to continue, might ripen into a prescriptive right, and this consideration, in itself, calls for the interposition of a court of equity. (*Moore* v. *Clear Lake Water Works*, 68 Cal. 146, [8 Pac. 816] ; *Mendelson* v. *McCabe*, 144 Cal. 230, [103 Am. St. Rep. 78, 77 Pac. 915].)

The claim that Martha H. De Turk was improperly joined as a party defendant is obviously without merit.

The appeals from the orders overruling and sustaining demurrers are dismissed.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.