[Civ. No. 388. Fourth Appellate District.—May 11, 1931.]

F. E. MAPLE et al., Petitioners, v. J. A. ALLEN, as Judge of the Superior Court, etc., et al., Respondents.

Samuel Taylor for Petitioners.

Max B. Jamison for Respondents.

BARNARD, P. J.—A writ of *certiorari* was issued by this court directed to the Superior Court of Tulare County

and J. A. Allen, as Judge thereof, requiring that court to certify a transcript of its proceedings and records in the case of Peoples Finance & Thrift Company of Porterville, a corporation, Plaintiff, v. F. E. Maple, C. A. Dewey, Charles Foster and Roy R. Foster, Defendants. The latter action had been appealed to the superior court from the Justice's Court of Porterville township. The purpose of this proceeding is to review the action of the superior court in dismissing that appeal. The transcript of the proceedings in the superior court sets forth copies of the various pleadings and papers filed in the justice's court, including a transcript of the docket of that court, from which it appears that the action was begun on May 6, 1930; a summons was issued and returned as served on these petitioners on June 3, 1930; a trial was had on October 23, 1930; and a judgment in favor of the plaintiff was entered in October 27, 1930. Notice of the entry of this judgment was mailed to the respective attorneys on October 28, 1930. Notice of appeal and an undertaking on appeal were filed on January 3, 1931.

It further appears that a notice of a motion to dismiss the appeal on the ground that the superior court had no jurisdiction to hear the same was given on January 30, 1931, and filed in the superior court on January 31, 1931. On February 9, 1931, two affidavits were filed in the superior court. One of these was by F. E. Maple stating that he accompanied his attorney to Porterville on October 29, 1930, for the express purpose of filing the papers on appeal in the action referred to; that these papers were left with the clerk of the justice's court; that a conference followed in reference to settling the case; that during this conference at the office of the justice of the peace, affiant heard a remark by his attorney and by the justice of the peace to the effect that the clerk of said court had five days' time in which to send the papers to the superior court. The other affidavit was by the attorney for the defendants in the action referred to, being the attorney for the petitioners herein, stating that on October 29, 1930, he received from the justice of the peace of Porterville township, a notice of the entry of judgment in said matter; that he prepared the necessary papers on appeal and forthwith delivered them to the clerk of said justice's court, paying at said time the sum of $9, being the required fees; that he went to Porterville, in company with

F. E. Maple, for the express purpose of filing said appeal; that the appeal was filed, "as aforesaid", shortly before 5 o'clock on that day; that in view of the fact that a conference had been arranged to be held in the office of the justice of the peace immediately, affiant remarked to the clerk of the court that she had five days in which to transmit the papers on appeal; and that the justice of the peace was present and, having heard this remark, also told the clerk that she had five days to send the papers up.

The record further shows that the motion to dismiss the appeal was partly heard on February 9, 1931, and continued to February 16, 1931. On that day, there was received in evidence an affidavit sworn to by the clerk of the justice's court in question, reciting the following facts: That on October 29, 1930, the attorney for these petitioners appeared in the office of the justice of the peace of Porterville township and handed to affiant a notice of appeal and a check for $9 to pay the filing fee thereof; that affiant started to enter the notice of appeal in the docket and was directed not to enter the same by the attorney; that the attorney stated that he desired not to file the appeal at that time as there were negotiations pending for a settlement, and that he would notify the court later in regard to filing the same; that affiant was never notified to file the papers; that the direction of the attorney not to file the appeal was made in the presence of the justice of the peace; and that the said notice of appeal was not filed, nor were instructions to file the same received until more than sixty days later. Affiant further sets forth a copy of a letter she wrote on November 13, 1930, to this attorney, which letter appears to have been signed by the justice of the peace, which letter contains the following:

"Would appreciate very much if you would let me know whether or not you wish the appeal in the above-entitled action filed. You will remember you left the ingredients with me, but asked that the filing be withheld until I should hear from you."

The clerk further sets forth that on December 31, 1930, upon the instruction of the justice of the peace, she wrote to this attorney stating that she was inclosing the notice of appeal, undertaking on appeal, and his check for $9 "which you left with me on October 27th last with the instructions that they not be filed until I heard from you further. As I

112

have had no instructions to file them am returning them to you." It is further set forth that said appeal was not filed nor were instructions as to filing the same received prior to January 3, 1931. Affiant then sets forth a copy of a letter to this attorney dated January 6, 1931, written by her on behalf of the justice of the peace, and saying:

"I was very much surprised to receive the papers back in the above-entitled case and your letter stating you were surprised I had not filed the appeal. I do not see how this could have been a surprise to you for the simple reason that you stopped us from putting the appeal papers on record, as the Clerk had started to do so, and she rubbed out the few words she had written when you asked that they not be entered or filed until we heard from you; and on Nov. 13th we wrote you a letter asking you for instructions as to whether or not you wished them filed, but received no reply. As I was going out of office I deemed it best to return the papers to you.

"This is to inform you that I have filed the appeal and sent all papers to the Superior Court for filing."

On February 16, 1931, there was also received in evidence an affidavit by one of the officers of the Peoples Finance & Thrift Company of Porterville, setting forth that on October 29, 1930, in the office of the justice of the peace of Porterville township, in the presence of the justice of the peace and his clerk and certain parties to the action, the attorney for the defendants and these petitioners, stated that the notice of appeal was not to be filed pending the settlement of the action, and that he would notify the justice of the peace when to file the same. The motion to dismiss the appeal was by the court taken under advisement, and the same was granted on March 31, 1931.

The extent of our authority to review this proceeding seems to be well settled. In the *Matter of Hughes,* 159 Cal. 363, [113 Pac. 684], the court said: "The Supreme Court has jurisdiction in *certiorari* to review a judgment of the superior court only in a case where that court has exceeded its jurisdiction (Code Civ. Proc., sec. 1068), and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of jurisdiction, or as the code expresses it, 'the review upon this writ cannot be extended further than to determine whether the inferior

tribunal, board, or officer has regularly pursued the authority of such tribunal, board or officer'. (Code Civ. Proc., sec. 1074.) If such tribunal has regularly pursued its authority, our inquiry stops." ▮ The jurisdiction of the superior court to hear this appeal depended upon a question of fact (see *City of Los Angeles* v. *Young*, 118 Cal. 295 [62 Am. St. Rep. 234, 50 Pac. 534].) Upon the face of the record before the superior court, the appeal was filed too late. Petitioners herein sought to overcome the effect thereof by introducing the affidavits referred to, to the effect that the notice of appeal and undertaking had been left with the clerk of the justice's court for filing, and that nothing more had been said than that the justice of the peace had five days within which to forward the papers to the superior court. On the other hand, the court had before it the other affidavits referred to, to the effect that while the papers were left with the clerk of the justice's court, definite instructions were given not to enter the appeal until further notice, and that in spite of a letter requesting further instructions, no directions to file the appeal were ever given until after sixty days had elapsed. The sufficiency of the showing made in behalf of the attempt to overcome the face of the record, presented a question of fact which was decided by the superior court. The evidence before that court was ample to sustain its action, and nothing here appears to indicate that the court exceeded its jurisdiction in making the order attacked.

For the reasons given, the writ must be discharged and it is so ordered.

Marks, J., and Jennings, J., concurred.