[Civ. No. 751. Fourth Appellate District.—May 5, 1933.]

F. E. MAPLE et al., Respondents, v. J. C. WALSER, as Sheriff, etc., et al., Appellants.

Max B. Jamison for Appellants.

Samuel Taylor for Respondents.

JENNINGS, J.—This action was instituted by plaintiffs in the Superior Court of Kern County to enjoin the enforcement of a certain judgment alleged to have been rendered in favor of the defendant, Peoples Finance & Thrift Company of Porterville, a corporation, in the Justice's Court of Porterville Township, Tulare County, in an action wherein said Peoples Finance & Thrift Company was plaintiff and the plaintiffs herein were defendants, and to have the judgment so rendered in said justice's court declared void. Upon the filing of the complaint in the present action the superior court made an order requiring the defendant Walser, as Sheriff of Kern County, to show cause why he should not be restrained, during the pendency of the action, from paying to the Peoples Finance & Thrift Company of Porterville the sum of $288.76, or any other sum of money, and pending the hearing on the order to show cause that said defendant sheriff be restrained and enjoined from turning over to said corporation the said sum of $288.76 or any other sum of money collected from the plaintiffs. To the complaint thus filed the defendants interposed a general and special demurrer. The order to show cause and the demurrer to the complaint came on for hearing at the same time. Upon the conclusion of the hearing the court ordered that the demurrer be overruled and that a temporary re-

straining order be granted *pendente lite*. From the order thus made the defendants have prosecuted this appeal.

The record herein shows that, upon the hearing of the order to show cause why a temporary injunction *pendente lite* should not issue, the defendants, in opposition to the granting of the injunction, presented to the court an affidavit of the Justice of the Peace of Porterville Township, Tulare County. It appears that other than this affidavit the only evidence which was submitted consisted of the allegations of the verified complaint of plaintiffs.

The aforementioned affidavit contains a copy of the docket of the Justice's Court of Porterville Township in the case in which Peoples Finance & Thrift Company of Porterville was plaintiff and F. E. Maple, C. E. Dewey, Charles Foster and Roy R. Foster were defendants. It appears therefrom that on May 6, 1930, complaint in the action was filed and summons issued and that on June 2, 1930, notice of motion to quash service of summons was filed. It further appears that on June 14, 1930, counsel for the defendants appeared before the court and presented an argument in support of the motion to quash service of summons and that on September 10, 1930, the motion to quash service of summons on F. E. Maple and C. A. Dewey was denied. On September 29, 1930, the aforesaid defendants F. E. Maple and C. A. Dewey filed a written answer in the action. On October 23, 1930, the case came on for trial and the entry in the docket for this date shows that counsel for the respective parties to the action were present and announced that they were ready to proceed with the trial. It also appears that certain named witnesses testified on behalf of the plaintiff and other named witnesses testified on behalf of the defendants and that certain documentary evidence was received. It further appears that upon the conclusion of the trial the court took the case under advisement and on October 27, 1930, rendered judgment in plaintiff's favor for $257.70. On January 3, 1931, a notice of appeal was filed. The complaint in the present action alleges that the plaintiffs herein, who were defendants in the action in the justice's court, presented to the Justice of the Peace a motion to quash service of summons on the ground that they were residents of Kern County and that the allegation contained in the complaint

in the justice's court to the effect that the moving parties had agreed in writing to pay the amount specified in the contract upon which the action was brought at Porterville was untrue. The complaint further alleges that the motion was denied and that thereafter judgment was rendered in favor of plaintiff in said action and against the plaintiffs in the present action and a writ of execution was issued by said justice's court directed to the Sheriff of Kern County and in pursuance thereof the Sheriff levied upon personal property of said plaintiffs herein and now holds the sum of $288.76 belonging to said plaintiffs which he threatens to turn over to the plaintiff in the said action in the Justice's Court of Porterville Township.

From the foregoing recital it is apparent that it was conclusively shown to the Superior Court of Kern County that after the motion to quash service of summons in the Justice's Court of Porterville Township was denied, the plaintiffs herein, defendants in said action in said justice's court, made a general appearance in said action and proceeded to a trial of the case wherein evidence on their behalf was presented to said court and that upon the conclusion of the trial judgment was rendered against them. By thus entering a general appearance in the action and proceeding to trial on the merits they necessarily waived the question of personal jurisdiction which was the foundation of their motion to quash the service of summons and thereby submitted themselves to the jurisdiction of the court (Code Civ. Proc., sec. 1014; *Security etc. Co.* v. *Boston etc. Co.,* 126 Cal. 418 [58 Pac. 941, 59 Pac. 296]; *Zobel* v. *Zobel,* 151 Cal. 98 [90 Pac. 191]; *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317]; *Remsberg* v. *Hackney Mfg. Co.,* 174 Cal. 799 [164 Pac. 792]; *Jardine* v. *Superior Court,* 213 Cal. 301 [2 Pac. (2d) 756, 79 A. L. R. 291]). Having thus waived their dilatory plea of informality of service of process and having participated in a trial of the action on its merits they were clearly not entitled to an injunction *pendente lite* to restrain the enforcement of the judgment rendered against them and the court erred in granting their motion for such relief.

Incidentally, although it is not involved in this appeal, it may properly be noted that plaintiffs herein made an abortive attempt to appeal to the Superior Court of Tulare County from the judgment rendered against them in the

justice's court and the attempted appeal having been dismissed by said Superior Court they then sought to have the action of the Superior Court in dismissing the appeal reviewed by a writ of *certiorari*. In this effort they were unsuccessful and the writ was ordered discharged (*Maple* v. *Allen,* 114 Cal. App. 109 [299 Pac. 571]).

The appeal from that portion of the court's order overruling the demurrer interposed by the defendants herein is entitled to no consideration. The record shows that after the order overruling the demurrer was made the defendants herein filed an answer to the complaint. It is conclusively established that an appeal does not lie from an order overruling a demurrer (*Harmon* v. *De Turk,* 176 Cal. 758 [160 Pac. 680]; *Garroway* v. *Jennings,* 189 Cal. 97 [207 Pac. 554]; *Adams* v. *Christopher,* 112 Cal. App. 37 [296 Pac. 85]).

It is therefore ordered that the appeal from that portion of the court's order overruling the demurrer be and the same is hereby dismissed and that the order in so far as it grants a temporary restraining order *pendente lite* be and it is hereby reversed.

Barnard, P. J., concurred.