[Civ. No. 10535. First Appellate District, Division Two.—June 22, 1938.]

CAROLYNE PRESCOTT, Respondent, v. KATE O'CONNELL, Appellant.

John C. Quinlan and Frank B. Thompson for Appellant.

George K. Ford and Simpson Finnell, Jr., for Respondent.

STURTEVANT, J.—In an action to recover damages for alleged personal injuries the plaintiff named as defendants Kate O'Connell, Herman Faisst and Alfred Faisst. The latter two answered. The trial court made findings in favor of the plaintiff and from the judgment entered thereon Kate O'Connell has appealed.

She contends that as to her the judgment is void. The appeal is presented on typewritten transcripts. An examination of the clerk's transcript discloses that it purports to set forth the judgment roll in full. That roll contains copies of the complaint, amendment to complaint, answer, findings, judgment, and certificate, and no other documents or papers. After "Title of Court and Cause", the answer commenced with the recital, "Comes now defendants Herman Faisst, by his guardian Alfred Faisst, and Alfred Faisst, two of the defendants named above . . . " In no place does it contain any allegation or denial of or in behalf of Kate O'Connell. In the body of the answer appear the expressions "these defendants", "said defendants", "of defendants", "the defendants", without naming any individual. It is signed by Colding, Hale and Myers "Attorneys for defendants". The findings use the word "defendants" without naming any individual. The judgment, however, is worded as follows:

"This cause came on regularly for trial, Geo. K. Ford, Esq., appearing as counsel for plaintiff, and Harry J. Colding and Theodore Hale, by Earl B. Myers, Esq., for the defendants. A trial by jury having been expressly waived by counsel for respective parties, the cause was tried before the court sitting without a jury. Whereupon witnesses on the part of plaintiff and defendant were duly sworn and examined; and certain documentary evidence was introduced, the evidence being closed the cause was submitted to the Court for consideration and decision, and after due deliberation thereon the Court delivers its findings and decision in writing, which is filed, and orders that judgment be entered in accordance therewith.

222

"Wherefore, by reason of the law and the findings aforesaid,

"It is ordered, adjudged and decreed that Carolyne Prescott, plaintiff do have and recover from Herman Faisst, Alfred Faisst, Kate O'Connell, an Individual doing business under the firm name and style of Eureka Knitting Mills, Eureka Knitting Mills, defendant, the sum of Two Thousand and No/100 Dollars ($2,000.00) with interest thereon at the rate of seven per cent. per annum from the date hereof, till paid, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of $36.-75.''

The reporter's transcript shows that when the action was called for trial the following occurred: ''The Court: Against whom are we proceeding? Mr. Myers: Against Herman Faisst and Alfred Faisst. The Court: What about Kate O'Connell? Mr. Myers: It is only at issue as to the two Faissts.''

█ In passing on the point made by the appellant it is settled law that an appellate court will never indulge in presumptions to defeat a judgment. (2 Cal. Jur. 852, ''Appeal and Error'', sec. 499.) But there are limitations on an appellate tribunal's power to indulge in presumptions in support of the orders or judgments of a court. (2 Cal. Jur. 855.) In *Johnston* v. *Southern Pac. Co.*, 150 Cal. 535, at page 537 [89 Pac. 348, 11 Ann. Cas. 841], the court said: ''There is, however, a well-defined limit to an appellate tribunal's power in indulging in such presumptions. It can indulge in no presumption which does violence to the facts as presented by the record of the inferior court, and while it is true that an order of a court of general jurisdiction will be treated as void only in the event that its invalidity appears upon the face of the record, ever since the case of *Hahn* v. *Kelly*, 34 Cal. 391 [94 Am. Dec. 742], the rule in this court has been well settled that this does not mean that the record must contain a direct statement to the effect that something which must have been done in order to give the court jurisdiction was not done, but means that want of jurisdiction appears whenever what was actually done is stated, and this which was done is not sufficient in law to confer jurisdiction. Therefore, whenever the record states the evidence or makes an averment with reference to a jurisdictional

fact it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact or that the fact was otherwise than is averred. (*Galpin* v. *Page,* 18 Wall. 350 [21 L. Ed. 959]; *Smith* v. *Los Angeles etc. Co.,* 98 Cal. 210 [33 Pac. 53].)'' Furthermore, in *Watson* v. *Lawson,* 166 Cal. 235, at page 241 [135 Pac. 961], the court said: ''In applying a judgment, 'if the language be in any degree uncertain we may properly refer to the circumstances surrounding the making of the order or judgment—to the condition of the cause in which it was entered'. (*Ex parte Ambrose,* 72 Cal. 398, 401 [14 Pac. 33, 35]; *Treat* v. *Laforge,* 15 Cal. 41; *Etter* v. *Hughes,* 5 Cal. Unrep. 148 [41 Pac. 790].) A judgment 'must be construed with reference to the law regulating the rights of the parties'. (*Burnett* v. *Whitesides,* 15 Cal. 35, 37.) Where only one count of the complaint is sufficient to support a judgment it will be presumed, on appeal, that it was based solely on that count. (*Nielsen* v. *Provident etc. Soc.,* 139 Cal. 332, 339 [96 Am. St. Rep. 146, 73 Pac. 168].) 'In case of doubt regarding the signification of a judgment, or any part thereof, the whole record may be examined for the purpose of removing the doubt.' (1 Freeman on Judgments, sec. 45.) 'When it admits of two constructions, that one will be adopted that is consonant with the judgment that should have been rendered on the facts and the law of the case.' (1 Black on Judgments, secs. 3, 123; *Peniston* v. *Sommers,* 15 La. Ann. 679, 680.)'' Looking back at the portions of the record which we have quoted, these facts are presented. The defendant Kate O'Connell claims the trial court held no trial and under the law could have held no trial of her rights and liabilities because the action was not at issue so far as she was concerned. In support of that contention there is the certificate of the county clerk to the judgment roll, which in effect certifies she filed no answer. Furthermore, there is the announcement made in open court that the action was not at issue as to her. The facts just recited dispel any presumption to the contrary. (*Webber* v. *Johnston,* 214 Cal. 378 [5 Pac. (2d) 886].)

 The plaintiff intimates that Kate O'Connell may have made a general appearance and if so she thereby conferred jurisdiction on the trial court to try the action and render the judgment. (*Harrington* v. *Superior Court,* 194 Cal. 185

[228 Pac. 15]; *Maple* v. *Walser,* 131 Cal. App. 631, 634 [21 Pac. (2d) 984].) That claim was, we think, dispelled by the facts hereinabove recited. The same reasoning applies to the claim of the plaintiff that this defendant stipulated for trial on the matters set forth in the complaint. (*Miklauschutz* v. *Superior Court,* 16 Cal. App. 226 [116 Pac. 376].) As noted above, the defendant is appealing from the judgment, that is, she is making a direct attack thereon. In *Sichler* v. *Look,* 93 Cal. 600, at page 606 [29 Pac. 220], the court said: "Upon a direct attack, there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant; *but in all matters of which the judgment contains a record,* its verity, in the absence of any contradictory evidence, will be presumed as fully as upon a collateral attack." (Italics ours.) But in the instant case the judgment record contains no recital to the effect that Kate O'Connell had filed an answer, that the action was at issue, that Kate O'Connell was present, or that she was represented.

The judgment as rendered is modified by striking therefrom the following: "Kate O'Connell, an individual doing business under the firm name and style of Eureka Knitting Mills, Eureka Knitting Mills," and as so modified the judgment is affirmed. The defendant Kate O'Connell will have and recover her costs on appeal.

Nourse, P. J., and Spence, J., concurred.